UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WAYNE DEMARCO and LEESA DEMARCO, Individually, as parents and legal guardians of Chayce DeMarco, a minor and Brayden DeMarco, a minor, and as Assignees of LEO H. DOIRE, and VIRGINIA TRANSPORTATION CORP.<br><br>vs.<br><br>TRAVELERS INSURANCE COMPANY, MICHAEL R. DELUCA, ESQ., AND GIDLEY, SARLI & MARUSAK, LLP | CA 06 539 S<br><br>Civil Action No. |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. 1446(a), defendant Travelers Indemnity Company of America[1] ("Travelers") submits this notice of removal of the above-captioned action from the Superior Court of Rhode Island, Providence County, to the United States District Court for the District of Rhode Island. Co-defendants Michael R. DeLuca ("DeLuca") and Gidley, Sarli & Marusak, LLP ("GSM") consent to this removal.

1. On November 22, 2006, this action was filed in the Providence County Superior Court. Copies of the Summons and Complaint received by Travelers are attached hereto as Exhibit A.

2. This Notice of Removal is filed within 30 days of the November 22, 2006 filing of the Complaint, and is therefore timely under 28 U.S.C. §1446(b).

3. The removal of this action from the Providence County Superior Court is made pursuant to the provisions of Title 28, United States Code, §§ 1332 and 1441(a) and (b) on the

[1] Although plaintiffs name Travelers Insurance Company as a defendant, there is no such legal entity. The claims alleged by plaintiffs arise from a liability insurance policy issued by Travelers Indemnity Company of America to Virginia Transportation Company.

grounds of diversity jurisdiction and further relies on the "fraudulent joinder" doctrine, referred to in more recent decisions as the "improper joinder" doctrine. This federal district court may exercise original jurisdiction over this action because it is a civil action wherein the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and it is between citizens of different states. Plaintiffs are citizens of (or in case of the corporate plaintiff, has its principal place of business in) Rhode Island and defendant Travelers is not a citizen of this state and, as detailed below, the improper joinder of DeLuca and GSM does not defeat jurisdiction.

4. The same issues raised against Travelers in this action were previously raised in a Complaint filed by Travelers filed in this Court on November 7, 2006 (two weeks before the present action was filed), entitled The Travelers Indemnity Company v. Virginia Transportation Corporation, Leo H. Doire, Jr., Wayne DeMarco, et al, Civil Action No.: 06-488. An Amended Complaint in the prior pending action was filed and served on November 21, 2002, one day before plaintiffs filed the present action in state court.

**PARTIES**

5. Plaintiffs Wayne DeMarco and Leesa DeMarco, individually, as parents and legal guardians of Chayce DeMarco, a minor and Brayden Demarco, a minor, and as Assignees of Leo H. Doire and Virginia Transportation Corp. were at the time of the commencement of this action, and still are, residents in the County of Providence, State of Rhode Island.

6. Defendant Travelers was at the commencement of this action, and still is, a Connecticut corporation licensed to do business in Rhode Island, having its principal place of

business in Hartford, Connecticut.

7. Defendant Gidley, Sarli & Marusak was at the commencement of this action, and still is, a Rhode Island Limited Liability Partnership licensed to practice law in the State of Rhode Island, and for the reasons discussed below, has been improperly joined in an attempt to destroy federal court jurisdiction.

8. Defendant Michael R. DeLuca was at the commencement of this action, and still is, a partner in the partnership of Gidley, Sarli & Marusak, and for the reasons discussed below, has been improperly joined in an attempt to destroy federal court jurisdiction.

9. All defendants concur in the removal of this action to the federal court.

10. Plaintiffs are seeking damages in excess of the sum or value of $75,000, exclusive of interest and costs.

11. The United States District Court for the District of Rhode Island is the District Court for the United States for the district embracing the place where the action is pending, and is the Court to which this action may be removed pursuant to the provisions of 28 U.S.C. § 1441.

**IMPROPER JOINDER OF DELUCA AND GSM**

12. Although removal jurisdiction pursuant to 28 U.S.C. § 1332 normally requires complete diversity, an action is nevertheless removable if the non-diverse defendant is "improperly joined," which was formerly referred to as being "fraudulently joined" to defeat diversity jurisdiction. *See Antonucci v. Cherry Hill Manor*, No. 06-108ML, 2006 WL 2456488, at *2 (D.R.I. Aug. 22, 2006); *Lawrence Builders v. Kolodner*, 414 F. Supp. 2d 134, 137 (D.R.I. 2006); *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 66-68 (D.R.I. 2002).

13. To establish that a non-diverse defendant has been improperly joined to defeat diversity jurisdiction, the removing party must show plaintiff cannot establish a cause of action against the non-diverse defendant in state court. *Lawrence Builders*, 414 F. Supp. 2d. at 137; *Gabrielle*, 210 F. Supp. 2d. at 66 (citing *Tillman v. Cont'l Plaza Hotels & Resorts*, No. CIV.A. H-99-3493, 2000 WL 33250072, at *1 (S.D. Tex. Aug. 10, 2000)).

14. A defendant does not have to prove that plaintiffs intentionally tried to mislead or deceive by joining the non-diverse defendant. *Gabrielle*, 210 F. Supp. 2d. at 67 (citing *Coughlin v. Nationwide Mutual Ins. Co.*, 776 F. Supp. 626, 628 n.3 (D. Mass. 1991)).

15. Plaintiffs' claims against DeLuca and GSM arise out of their representation of Leo H. Doire and Virginia Transportation as defendants in a personal injury case brought by plaintiffs. *Complaint, ¶ 15.*

16. The personal injury case was settled and plaintiffs executed a General Release which states:

**GENERAL RELEASE**

> WAYNE DEMARCO, LEESA DEMARCO, CHAYCE DEMARCO AND BRAYDEN DEMARCO (collectively, the "Releasors"), in consideration of the sum of **$550,000 (Five Hundred Fifty Thousand 00/100 Dollars)** paid by Travelers Insurance Company of America, and for good and other valuable consideration the receipt and adequacy of which is hereby acknowledged, do hereby remise, release, and forever quit-claim unto said LEO H. DOIRE and VIRGINIA TRANSPORTATION CORP., a Rhode Island corporation, their successors and **assigns** (collectively the "Releasees") any and all manners of action, causes of action, debts, dues, claims and demands, both in law and equity, which against said Releasees said Releasors ever had, now have, or in the future may have for or by any reason or means of any matter or thing from the beginning of the world to the date of these presents including, without limitation, any and all loss, damage or claim arising out of the subject matter of the litigation brought by the Releasors against the Releasees in the Providence County Superior Court being Civil Action No. 04-1171 (the "Litigation") and any verdict or judgment in the Litigation.

A true and accurate copy of this General Release is attached as Exhibit B.

17. In the present action, which plaintiffs filed as "Assignees of Leo H. Doire, and Virginia Transportation Corp." they allege:

> "The conduct of Michael R. DeLuca. . . as appointed counsel for Virginia constitutes a conflict of interest and negligence in the representation of Virginia in the Litigation." *Complaint, ¶ 61*;
>
> "The conduct of DeLuca breaches the standard of care that other counsel would give in the same or similar circumstances." *Complaint, ¶ 62;* and
>
> "As a direct result of said breach, conflict of interest and negligent representation, Virginia was damaged." *Complaint, ¶ 63.*

18. Plaintiffs have no cognizable cause of action against DeLuca and GSM because the claims they purport to have received through an assignment from Doire and Virginia Transportation were settled in a manner that has not resulted in any damage to Doire or Virginia Transportation and no action lies where there is no injury and are no recoverable damages.[2] *Plummer v. Abbott Laboratories*, 568 F.Supp. 920, 922 (1983) ("It is an abecedarian principle of tort law that an individual must be injured to recover for the negligent acts of another"), citing, *Mullaney v. Goldman*, 398 A.2d 1133, 1136 (R.I. 1979); *Phelps v. Burrillville Racing Ass'n.*, 73 R.I. 84, 53 A.2d 753, 754 (1947).

19. Moreover, Under Rhode Island General Laws 1956, § 9-2-8, a written assignment is required before an assignee may file an action in his or her own name. Section 9-2-8 provides:

> **Assignee of nonnegotiable chose in action.**—The assignee of a nonnegotiable chose in action which has been assigned in writing may maintain an action thereon in his or her own name, but subject to all defenses and rights of counterclaim, recoupment, or setoff to which the defendant would have been entitled had the action been brought in the name of

2 For the same reasons, as set forth in the separate motion to dismiss, there is no cognizable claim against Travelers.

the assignor.

See *Weybosset Hill Investments, Inc. v. Rossi,* 857 A.2d 231, 241 (R.I. 2004) (the making and delivery of a valid written assignment must be established before an assignee will be permitted to sue in the assignee's own name. *See also, Lombardi v. Electromet Co.,* 540 A.2d 16, 17 (R.I. 1988); *United Master Plumbers Ass'n of Rhode Island, Inc. v. Bookbinder Plumbing and Heating Co.*, 210 A.2d 573, 576 (R.I. 1965); *Plotkin v. Danakos*, 41 A.2d 470, 472 (R.I. 1945).

20. Plaintiffs' complaint fails to even allege the existence of a valid written assignment. The complaint alleges that "Corporate counsel [for Virginia and representing Doire] and counsel for Demarco entered into negotiations to settle the DeMarco verdict/judgment by Virginia executing an assignment under which Virginia **would** assign all of its rights to DeMarco in exchange for a general release releasing only those claims against Virginia . . . ." *Complaint,* ¶ *41*. (Emphasis added.)

21. Where plaintiffs have not established the existence of a written assignment, a condition precedent under Rhode Island law to bring an action as an assignee in one's own name and, even assuming the existence of a written assignment, could not establish any injury or damages, they could not support a cause of action against DeLuca and GSM in state court. Therefore, the removal of this action to federal court is appropriate. *See Lawrence Builders*, 414 F. Supp. 2d. at 137-138; *Gabrielle*, 210 F. Supp. 2d. at 66.

Respectfully submitted,

**THE TRAVELERS INDEMNITY COMPANY OF AMERICA,**
By its attorneys,

Stephen P. Harten, R.I. Bar I.D. No. 4102
**Ratcliffe Burke Harten & Elias LLP**
1600 Financial Plaza
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440

Anthony R. Zelle, BBO No. 548141
Brian P. McDonough, BBO No. 637999
**ZELLE MCDONOUGH LLP**
Four Longfellow Place, 35th Floor
Boston, MA 02114
Tel: (617) 742-6520
Fax: (617) 973-1562

Dated: December 12, 2006

**CERTIFICATE OF SERVICE**

I, Steve Harten, hereby certify that on this 11th day of December, 2006, I had a copy of this Notice of Removal on counsel for plaintiff, Robert A. D'Amico, II, Esq., D'Amico & Burchfield, LLP, 536 Atwells Avenue, Providence, RI 02909 by hand-delivery.

Stephen P. Harten