STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Business Regulation
INSURANCE DIVISION
233 Richmond Street, Suite 233
Providence, RI 02903 - 4233
TELEPHONE NO. (401) 222-2223

FAX No. (401) 222-5475
TDD No. (401) 222-2999

November 22, 2006

Travelers Indemnity Company of America
Corporation Service Company
222 Jefferson Blvd, Ste 200
Warwick RI 02888

Dear Sir or Madam:

Enclosed is a copy of a summons served upon me in the case of:

**Wayne DeMarco and Leesa DeMarco**

**vs**

**Travelers Insurance Company, Michael S. DeLuca, Esq. And Gidley Sarli & Marusak**

Kindly acknowledge receipt of the above at your earliest convenience.

RETURN DATE (WITHIN 20 DAYS)

Very truly yours,

Associate Director/Superintendent of Insurance

DMA
Enclosures

CERTIFIED MAIL

CSC.

CORPORATION SERVICE COMPANY®

MD2 / ALL
**Transmittal Number: 4894026**
**Date Processed: 11/27/2006**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP Scan - St. Paul<br>SOP - PowerBrief - Wilmington<br>Sop - Scan<br>Suite 400 2711 Centerville Road<br>Wilmington, DE 19808 |
| **Copy of transmittal only sent to:** | SOP Coordinator |
| **Entity:** | The Travelers Indemnity Company of America<br>Entity ID Number 2317360 |
| **Entity Served:** | Travelers Indemnity Company of America |
| **Title of Action:** | Wayne DeMarco vs. Travelers Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court:** | Providence Superior Court, Rhode Island |
| **Case Number:** | none given |
| **Jurisdiction Served:** | Rhode Island |
| **Date Served on CSC:** | 11/27/2006 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | Rhode Island Superintendent of Insurance on 11/22/06 |
| **How Served:** | Certified Mail |
| **Plaintiff's Attorney:** | Robert A. D'Amico, II<br>401-454-1212 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[X] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

WAYNE DEMARCO and LEESA DEMARCO, Individually and as Parents and Legal Guardians of CHAYCE DEMARCO, A Minor and BRAYDEN DEMARCO, A Minor, and as Assignees of LEO H. DOIRE and VIRGINIA TRANSPORTATION CORP. ........................ **Plaintiff**

TRAVELERS INSURANCE COMPANY MICHAEL S. DELUCA, ESQ., and GIDLEY SARLI & MARUSAK, **Defendant**

**CIVIL ACTION, FILE No.** ........................

***Summons***

PLEASE SERVE AS REGISTERED AGENT

Insurance Commissioner
Dept. of Business Regulations
233 Richmond Street
Providence, RI 02903

*To the above-named Defendant:* Travelers Insurance Company

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ......Robert A. D'Amico, II, Esquire... Plaintiff's attorney, whose address is ........D'AMICO BURCHFIELD, LLP........ ........536 Atwells Avenue, Providence, RI 02909........ an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

................................................
CLERK

Dated: ...11/22/06...............................

(Seal of the Superior Court)

# State of Rhode Island and Providence Plantations

..................................................,SC

## PROOF OF SERVICE

I hereby certify that on the .................................. day of ................................................ I served a copy of this summons and a copy of the complaint received therewith upon ............................................................

............................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,.................................................
...................................................................................., with a person of suitable age and discretion then residing therein. (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ..........................................
...................................................................................., with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ............................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

............................................................................................................

............................................................................................................

............................................................................................................

Sheriff's Fees

Travel ........................ $........................

Service ........................ $........................

$........................

..................................................
Deputy Sheriff

CIVIL ACTION

FILE NO. ..................................

SUMMONS

SUPERIOR COURT

VS

ATTORNEY FOR PLAINTIFF

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

WAYNE DEMARCO and LEESA DEMARCO, individually, as parents and legal guardians of Chayce DeMarco, a minor and Brayden DeMarco, a minor, and as Assignees of LEO H. DOIRE, and VIRGINIA TRANSPORTATION CORP.

vs.

TRAVELERS INSURANCE COMPANY, MICHAEL R. DELUCA, ESQ, AND GIDLEY, SARLI & MARUSAK, LLP

## ***COMPLAINT***

### ***Parties and Facts Common to all Counts***

1. The Plaintiffs, Wayne DeMarco and Leesa DeMarco, individually, as parents and legal guardians of Chayce DeMarco, a minor and Brayden DeMarco, a minor, and as assignees of Leo H. Doire and Virginia Transportation Corp. (collectively "Virginia"), are residents in the County of Providence, State of Rhode Island (collectively "DeMarco").

2. Travelers Indemnity Company of America, Travelers St Paul, Travelers Insurance Company ("hereinafter Travelers") is an insurance company duly licensed and authorized to do business in the State of Rhode Island.

4. Gidley, Sarli & Marusak is a Rhode Island Limited Liability Partnership licensed to practice law in the State of Rhode Island.

5. Michael DeLuca is a partner in the Partnership of Gidley, Sarli & Marusak.

6. Virginia paid good and valuable consideration to Travelers for a policy of insurance, also known as policy # I-810-5049W206-IND-02 (herinafter "The Policy").

7. The Policy was in effect on September 10, 2003.

8. On September 10, 2003, Leo H. Doire was operating a motor vehicle owned by Virginia Transportation Corp. in the City of Cranston, County of Providence, State of Rhode Island when he was involved in a serious motor vehicle accident. Wayne DeMarco was a front seat passenger in the vehicle and was severely injured at the time of the accident.

9. At the time of the accident, Virginia was covered by The Policy with policy limits purportedly in the amount of One Million Dollars.

10. That given the severity of Wayne DeMarco's injuries, counsel for Wayne DeMarco notified Travelers in writing on November 3, 2003 that Wayne DeMarco's claim would likely exceed the policy limit of One Million Dollars.

11. On or about February 2, 2004, counsel for the DeMarcos forwarded a courtesy copy of a civil complaint to Travelers and demanded the policy limit in settlement of the DeMarcos' claims and, at the same time, filed suit in the Providence County Superior Court in the matter entitled *Wayne DeMarco, Leesa DeMarco, Individually and as Parent and Next Friend of Braedyn DeMarco, a minor, and Chayce Demarco, a minor vs. Leo H. Doire, Alias and Virginia Transportation Corporation, Alias,* in the Providence County Superior Court, C.A. #: 04-1171 (the "Litigation").

12. While the litigation was pending, DeMarco made various and repeated demands for settlement within the policy limits in this matter. Specifically, settlement demands were presented to Travelers in writing on February 25, 2004, July 22, 2005 and finally, on August 23, 2006. Despite these repeated demands for settlement within the policy limits, Travelers never responded.

13. The only response ever received from Travelers, despite all of the written demands, was on February 27, 2004 in correspondence from the Travelers adjuster, Caren Gattinella, asserting that Travelers could make no offer to settle the DeMarco claim because there were multiple claimants involved in the loss including Paul Woscyna (herinafter "Woscyna").

14. Travelers, during the pendency of the Litigation never extended an offer of settlement. Due to the fact that Travelers refused to make an offer of settlement, DeMarco moved to accelerate his case on the trial calendar in Superior Court on the grounds that the amount in controversy clearly exceeded $100,000.

15. After DeMarco's lawsuit was filed and served upon the Virginia, Travelers appointed Michael R. DeLuca, Esq. and the law firm, Gidley Sarli & Marusak, LLP ("appointed counsel") to defend Leo H. Doire and Virginia Transportation, Corp., in the Litigation matter as required under the terms and conditions of the policy.

16. In April of 2006, DeMarco requested and received a trial date certain for September 18, 2006 before Mr. Justice Procaccini. Despite the assignment of a date certain on the trial calendar, Travelers remained steadfast in its position and refused to make any offer or attempt to settle the DeMarco claim.

17. Approximately sixty days prior to the trial date certain, on or about July 11, 2006, Travelers, by appointed counsel, provided written notice that it was surrendering

its One Million Dollar policy limit to all interested claimants and that it was up to all claimants involved to determine how to divide the policy limit and, further, that all parties involved would have to agree to a settlement and pro rata distribution of the policy limit and execute releases satisfactory to Travelers before any settlement money would be available to any one claimant. This correspondence was the first time in almost three years since the accident occurred that Travelers even suggested that it would make its policy limits available and ***did not*** constitute an offer of settlement to DeMarco. Travelers warned that it would seek to deposit the One Million Dollar policy into the Registry of the Court if the potential claimants could not reach an agreement amongst themselves on a pro rata distribution of the policy limits.

18. The notice by Travelers as set forth in paragraph 17 above was in no way a good faith attempt by Travelers to resolve the DeMarco claim, or any other claim that may have been pending against its insured Virginia, especially in light of the fact that DeMarco's trial date certain was 60 days away and none of the other potential claimants had filed a lawsuit against Virginia. With the statute of limitations 2 months away, it was impractical, unreasonable and unrealistic for Travelers to place the burden on all claimants to negotiate and settle amongst themselves and the conditional surrender of the policy at this late date and demonstrated Traveler's greater concern for its own assets than protecting the interests of its insured.

19. When the conditional surrender of its policy failed to settle all claims and with knowledge of DeMarco's trial date certain, appointed counsel filed an Interpleader Action ("Interpleader"), on behalf of Travelers Indemnity Company,on August 15, 2006 in the matter entitled *The Travelers Indemnity Company v. Wayne DeMarco, Leesa DeMarco, Braedyn DeMarco, a minor by his Parent and Next Friend Leesa DeMarco and Chayce Demarco, a minor, by his parent and next friend Leesa DeMarco, Paul Woscyna, National Grid USA Service Company, Inc. as successor in interest to the Narragansett Electric Company and John Doe, I through X, Providence County Superior Court, C.A. No.: 06-4266.*

20. In the Interpleader, appointed counsel, while still representing and purportedly defending Virginia, was now representing Travelers and taking a position contrary to the interest of its insured in the Litigation and requesting the Court to allow Travelers to deposit its policy limit into the Court registry. Appointed counsel's conduct in this regard presented a clear conflict of interest and demonstrated appointed counsel's and Travelers' greater concern for the insurance company's assets than in protecting its insured, Virginia.

21. DeMarco, by and through counsel, objected to the Interpleader, arguing that appointed counsel had a conflict of interest in this matter, as well as Travelers, because the DeMarcos made repeated demands for settlement within the policy limits of Virginia's motor vehicle liability policy and specifically notified

Travelers that they had liability to DeMarco above and beyond the policy limit pursuant to the rule established by the Rhode Island Supreme Court in the *Asermely* case. DeMarco argued that appointed counsel's request to deposit the policy limit into the Court Registry was simply an attempt by Travelers to avoid responsibility to DeMarco above and beyond its One Million Dollar policy limit.

22. The Interpleader came on for hearing on the Formal and Special Cause Calendar before Mr. Justice Fortunato on September 5, 2006. Judge Fortunato denied the request of Travelers to deposit the money in the registry of the Court and, further, found that Travelers had a pecuniary interest in depositing the money into the registry of the Court in light of the trial date certain on September 18, 2006 and denied the motion.

23. When appointed counsel's failure to secure an order allowing Travelers to deposit the One Million Dollar policy limits into the Court Registry, appointed counsel continued to represent the interests of Virginia in the Litigation.

24. With one day notice and two weeks before DeMarco's trial date certain, Travelers sought to convene a mediation hearing on September 7, 2006. DeMarco attended the mediation in good faith even though the Litigation was fully ready for trial. Counsel for the two other known claimants were also present at this mediation. This was Travelers first and only attempt, some three (3) years after the date of the accident, to bring the parties together in an effort to settle the various claims.

25. Travelers at no time during the course of that mediation extended an offer of settlement to DeMarco. In the presence of all parties in attendance at the mediation, Travelers specifically and undeniably committed to advance payment to National Grid to satisfy its minor claim for damage to utility poles in the approximate amount $8,000 and dismissed National Grid's counsel from the mediation session with the affirmative promise that its claim would be paid. The mediation concluded and no offer to settle the case was extended to the parties.

26. Incredibly, during the mediation, Travelers continued to pressure Virginia to commit to a contribution of its own assets to increase the pool of settlement money. In light of the fact that the DeMarco claim was destined for trial before a jury in Superior Court, Travelers suggested to Virginia that if Travelers negotiated and paid a settlement of only the Woscyna claim, that Travelers would expect Virginia to execute a release of all claims it had against Travelers, including claims for bad faith. Travelers was aware that not only did it have exposure above and beyond its One Million Dollar policy limit, but that its conduct in representing Virginia may have been in bad faith.

27. The only settlement offer ever made to DeMarco in this matter came on the Friday before DeMarco's trial, Septmeber 15, 2006. At that time, Travelers extended a ***conditional*** offer to DeMarco in the amount of $550,000 to settle his claim however, that settlement offer was specifically contingent on the other

claimant, Woscyna, accepting $450,000 in settlement of his claim. At all times relevant to that conditional settlement offer, it was understood that Travelers would be paying the claim of National Grid regardless of the One Million Dollar policy limit to settle all claims.

28. DeMarco rejected the $550,000 settlement offer and proceeded to trial on the following Monday, September 18, 2006.

29. On the Monday morning of trial, an offer of settlement was extended to DeMarco in the amount of $700,000. In no uncertain terms, it was made clear at this time that Travelers and appointed counsel were requiring that Virginia contribute some of its own assets to resolve the claim.

30. Prior to extending the settlement offer of $700,000, Leo H. Doire, individually and on behalf of Virginia demanded that his appointed counsel instruct Travelers adjuster, Caren Gatinella, to pay the One Million Dollar policy limit to DeMarco to settle the claim and forgo the upcoming trial.

31. Upon information and belief Appointed Counsel did not advance his clients' demand as outlined in paragraph 30, on the contrary, aligned himself with Travelers in taking the position that Travelers could not exhaust its policy in settlement of the DeMarco claim.

32. Virginia was well aware on the first day of trial that if the Travelers One Million Dollar policy limit was exhausted in settlement of the DeMarco claim, consistent with Virginia's demand, that Virginia would be exposed to excess liability and have personal exposure on the Woscyna claim, which was pending in Kent County Superior Court. Nevertheless, Travelers and appointed counsel adamantly refused to offer the One Million Dollar policy limit to settle the case.

33. The DeMarco trial continued before a Providence County jury during the week of September 18 through September 22, 2006. On several occasions during the trial, Virginia specifically demanded that Travelers pay DeMarco the One Million Dollar policy limit to settle the claim. Travelers and appointed counsel steadfastly refused to make the settlement offer consistent with the legitimate demand of the Travelers insured, who at all times was well aware that he could have additional exposure beyond the policy limit on the Woscyna claim.

34. At trial, appointed counsel for Virginia stipulated to liability. Appointed counsel presented no witnesses and no defense to the claims asserted by DeMarco. None of the evidence presented at trial was contradicted in any respect other than by cross examination.

35. Within two hours of receiving the jury instructions and retiring for deliberation, the jury in the DeMarco trial rendered a verdict on September 22, 2006 in favor of DeMarco in the amount of $2,801,937, including statutory interest accrued up to

and including September 22, 2006, with post verdict interest continuing to accrue.

36. Days after the verdict was rendered, Virginia found itself on the brink of bankruptcy as news of the verdict was delivered to its bank, which threatened to freeze all existing lines and call in all demand notes. Without proof of satisfaction of the verdict and resolution of the Woscyna and National Grid claims, Virginia would be forced by its bank to cease operations.

37. Corporate counsel for Virginia, Steven DeLuca of McAdams, Wick, DeLuca & Gemma ("corporate counsel") became involved and was able to prevent the immediate closure of the business while the effort was made to negotiate a resolution of all the pending claims or in the alternative file bankruptcy. Virginia had up to November 20, 2006 to resolve the matter or face bankruptcy.

38. Appointed counsel filed a Motion for a New Trial and argued the same before Judge Procaccini on October 30, 2006 and said motion was denied.

39. Through the efforts of Travelers counsel on the potential bad faith claims, Anthony Zelle, Esq. ("Zelle"), Virginia's counsel requested a stay of the entry of judgment on the verdict under the guise that Travelers wanted to schedule another mediation in an attempt to resolve the DeMarco, Woscyna and National Grid claims. Travelers extra contractual liability attorney was now directing appointed counsel on the strategy for proceeding post verdict.

40. Judge Procaccini granted a 30 day stay of the entry of judgment on the verdict so that the parties could attempt a settlement of the matter.

41. Corporate counsel and counsel for DeMarco entered into negotiations to settle the Demarco verdict/judgment by Virginia executing an assignment under which Virginia would assign all of its rights to DeMarco in exchange for a general release releasing only those claims against Virginia and specifically reserving any and all claims that existed against Travelers.

42. At the same time, corporate counsel for Virginia impressed upon Travelers and Zelle the importance of bringing about a resolution of all claims prior to November 20, 2006 so that Virginia could avoid a bankruptcy and continue it's business. In connection therewith, corporate counsel made demand on Travelers to immediately pay the sum of $500,000 from the One Million Dollar policy limit to settle the Woscyna claim.

43. Travelers refused to make any payment in settlement of the claim unless all claims were to be resolved simultaneously. At this time, Virginia was making the necessary arrangements to personally raise the $500,000 necessary to settle the Woscyna claim prior to the November 20, 2006 deadline or in the alternative file for bankruptcy.

44. Despite the looming threat of bankruptcy and the fact that the DeMarco verdict was already two months old and accruing interest at the statutory rate of approximately $28,000 per month, Travelers had not released any of the One Million Dollar policy limit and had made no effort to settle any of the pending claims.

45. At Travelers suggestion, Virginia, DeMarco and Woscyna attended a mediation session on Friday November 17, 2006. Prior to the mediation, Zelle and Kevin J. Willging, Travelers in-house extra contractual counsel met with Virginia and its corporate counsel. At that initial meeting, Travelers first order of business was to demand that Virginia immediately use its own money to settle the National Grid claim. Travelers made it clear that under no circumstances would they pay any more than the One Million Dollar policy limit.

46. At the mediation, Woscyna agreed to accept $450,000 in full and final settlement of his claims against Virginia and Travelers. DeMarco negotiated a resolution with Virginia and its corporate counsel that in exchange for an assignment of all of Virginia's rights against Travelers, DeMarco would execute a release in favor of Virginia in order that Virginia could avoid having to file bankruptcy. Travelers committed to make a gratuitous payment of the remaining policy limit of $550,000 to DeMarco without receiving any release for itself from DeMarco or from Virginia. Virginia negotiated a settlement with National Grid and immediately paid its own money to settle the same on November 17, 2006.

***<u>COUNT I – RIGL 9-30-2-DECLATORY JUDGMENT ON TRAVELERS' OBLIGATION TO PAY THE JUDGMENT IN EXCESS OF IT POLICY LIMITS</u>***

47. Plaintiffs hereby reallege and reiterate all paragraphs above 1 through 40.

48. Pursuant to the Rhode Island Supreme Court's decision in *Asermely*, DeMarco, as assignee of Leo H. Doire and Virginia Transportation Corp., is hereby entitled to make demand upon Travelers to pay the verdict/judgment amount in the Litigation, plus all accrued interest, above and beyond the One Million Dollar policy limits.

WHEREFORE, Plaintiffs demand that this Court render a declaratory judgment ordering Travelers to pay the entire verdict/judgment amount, plus all accrued interest, reasonable attorney's fees and costs incurred in connection with the pursuit of this matter.

***<u>COUNT II –DECLARATORY JUDGMENT ON TRAVELERS' OBLIGATION TO PAY PREJUDGMENT AND POST JUDGMENT INTEREST ABOVE AND BEYOND ITS POLICY LIMITS</u>***

49. Plaintiffs hereby reallege and reiterate all the paragraphs above.

50. Pursuant to R.I.G.L §27-7-2.2, Plaintiffs made a written demand for settlement

within the policy limits and Travelers made no offer to settle the claim within a reasonable time. As such, Travelers is responsible for all pre-judgment and post-judgment interest accruing on the verdict/judgment in the Litigation and continuing to accrue in the instant litigation.

WHEREFORE, Plaintiffs demand judgment of this Court granting them a Declaratory Judgment requiring Defendant to pay interest on the entire award.

***COUNT III – BREACH OF CONTRACT AGAINST TRAVELERS***

51. Plaintiffs hereby reallege and reiterate all the paragraphs above.

52. Travelers conduct as set forth in this Complaint constitutes a material breach of its obligations pursuant to its insurance contract with Virginia. As a direct and proximate cause of said breach Plaintiffs have been damaged.

WHEREFORE, Plaintiffs demand judgment in an amount to satisfy the jurisdictional limits of this Court, together with interest, costs and reasonable attorney fees.

***COUNT IV –R.I.G.L. 9-1-33- BAD FAITH AGAINST TRAVELERS***

53. Plaintiffs hereby reallege and reiterate all the paragraphs above.

54. Travelers conduct as alleged in this Complaint constitutes bad faith and a breach of its fiduciary duty to its insured.

55. There was no reasonable basis in Travelers denying payment under the Policy.

56. Travelers acted with malice, wantonness or willfulness and its conduct as alleged in this Complaint shocks the conscious of a reasonable person and, therefore, DeMarco is entitled to an award of punitive damages in such measure and as the same may be required to punish Travelers.

57. That as a direct and proximate result of Travelers conduct Plaintiff was damaged. Plaintiff is entitled to all damages including but not limited to economic damages and emotional distress.

WHEREFORE, Plaintiffs demand judgment in an amount to satisfy the jurisdictional limits of this Court, together with interest, costs and reasonable attorney fees, as well as an award of punitive damages.

***COUNT V – THIRD PARTY RIGHT TO DEMAND PAYMENT OF THE VERDICT/JUDGMENT ABOVE AND BEYOND TRAVELERS POLICY LIMIT***

58. Plaintiffs hereby reallege and reiterate all the paragraphs above.

59. Given the conduct of Travelers as alleged in this Complaint, the DeMarcos, individually and separate and apart from their legal status as Assignee of Virgina, are entitled to require that Travelers pay the verdict/judgment above and beyond the policy limit.

WHEREFORE, Plaintiffs demand judgment in an amount to satisfy the jurisdictional limits of this Court, together with interest, costs and reasonable attorney fees, as well as an award of punitive damages.

***COUNT VI– LEGAL MALPRACTICE AGAINST MICHEAL R. DeLUCA AND THE LAW FIRM GIDLEY, SARLI & MARUSAK, LLP.***

60. Plaintiffs hereby reallege and reiterate all the paragraphs above.

61. The conduct of Michael R. DeLuca individually and as a partner in the law firm of Gidley, Sarli & Marusak, LLP as appointed counsel for Virginia constitutes a conflict of interest and negligence in the representation of Virginia in the Litigation.

62. That the conduct of DeLuca breaches the standard of care that other counsel would give in the same or similar circumstances.

63. As a direct result of said breach, conflict of interest and negligent representation, Virginia was damaged.

WHEREFORE, Plaintiffs demand judgment against Michael R. DeLuca individually and as a partner in the law firm of Gidley, Sarli & Marusak, LLP in an amount to satisfy the jurisdictional limits of this Court, together with interest, costs and reasonable attorney fees.

Plaintiffs,
By Their Attorneys:

***D'AMICO & BURCHFIELD, LLP***

Robert A. D'Amico, II, Esq. #4593
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, Rhode Island 02909
(401) 454-1212
(401) 454-1233 – fax

Date 11/22/06

***PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES RAISED IN THIS CASE THAT ARE SO TRIABLE***