UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WAYNE DEMARCO and LEESA DEMARCO, Individually as parent and legal guardians of Chayce DeMarco, a minor and Brayden DeMarco, a minor, and as Assigness of LEO H. DOIRE and VIRGINIA TRANSPORTATION CORP. Plaintiffs | Case No.: 1:06-cv-539 |
| vs. | ***Removed from Superior Court for the State of Rhode Island Providence County State Court P.C. No.:06-6103*** |
| TRAVELERS INSURANCE COMPANY, MICHAEL R. DELUCA, ESQ., and GIDLEY, SARLI & MARUSAK, LLP, Defendants. | |

**PLAINTIFFS' MOTION TO REMAND TO THE RHODE ISLAND SUPERIOR COURT**

Now come the Plaintiffs, in the above-entitled matter, and moves the Honorable United States District Court for the District of Rhode Island for an order of remand pursuant to 28 U.S.C. 1447(c). A memorandum of law in support of this motion is attached.

Defendants,
By Their Attorneys:

***D'AMICO • BURCHFIELD, LLP***

/s/ Robert A. D'Amico, II, Esq.
/s/ Mark W. Dana, Esq.
Robert A. D'Amico, II, Esq. #4593
Mark W. Dana, Esq.#4150
536 Atwells Avenue
Providence, Rhode Island 02909
(401) 454-1212
(401) 454-1233 – fax

***CERTIFICATION***

I hereby certify that on this 15th day of December, 2006, a true copy of the within *Motion* was filed electronically, and is available for viewing and downloading from the ECF system, and copies were sent to all counsel of records via regular mail.

Anthony R. Zelle
ZELLE McDONOUGH, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114

Stephen P. Harten, Esq.
Ratcliffe Burke Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

/s/ Mark W. Dana, Esq.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| WAYNE DEMARCO and LEESA DEMARCO, Individually as parent and legal guardians of Chayce DeMarco, a minor and Brayden DeMarco, a minor, and as Assigness of LEO H. DOIRE and VIRGINIA TRANSPORTATION CORP. Plaintiffs | |
| | Case No.: 1:06-cv-539 |
| vs. | ***Removed from Superior Court for the State of Rhode Island Providence County State Court P.C. No.:06-6103*** |
| TRAVELERS INSURANCE COMPANY, MICHAEL R. DELUCA, ESQ., and GIDLEY, SARLI & MARUSAK, LLP, Defendants. | |

***PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO THE RHODE ISLAND SUPERIOR COURT***

## *I. INTRODUCTION AND PROCEDURAL HISTORY*

Plaintiffs filed suit in the Providence County Superior Court on November 22, 2006. This case was removed to the United States District Court for the District of Rhode Island on December 12, 2006 by Defendant, Travelers Indemnity Company of America ("Travelers"). Travelers assert that Co-Defendant, Michael DeLuca and Gidley, Sarli & Marusak ("GSM"), are improperly joined solely in an attempt to destroy diversity. Defendant is in error. Plaintiff seeks reasonable attorney fees and sanctions.

## *II. STANDARDS APPLICABLE TO REMOVAL*

When a plaintiff challenges the propriety of a defendant's removal to Federal Court, the defendant must carry the burden of showing the necessary facts to support the Court's exercise of jurisdiction pursuant to 28 U.S.C. § 1441. See *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 181 (1936) (Imposing burden on defendant regarding justification of removal);

*BIW Deceived v. Local S6*, 132 F.3d 824, 831 (1st Cir. 1997) (Defendant bears burden to prove removal by existence of Federal jurisdiction). *Bank One, Texas, N.A. v. Montle,* 964 F.2d 48 (1st Cir. 1992). (The party invoking subject matter jurisdiction has the burden of proving, by clear and convincing evidence, the facts supporting jurisdiction.) See, 1A James Wm. Moore et al., Moore's Federal Practice P O. 161 [2] at 276 n.5 (2d ed. 1993). The Second Circuit, as cited in *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001), uses the following test:

> "In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court."

Any doubts about the propriety of removal are construed in favor of remand. See *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999) (doubts about removal should be resolved in favor of remand); *Matthews v. Stewart*, 207 F.Supp 2d 496, 497 (M.D.La 2001) (District Court's limited jurisdiction construes doubts against removal once plaintiff seeks remand).

The right of removal cannot be defeated by a fraudulent joinder of a non-diverse defendant who has no real connection to the controversy. See, *Wilson v. Republic Iron & Steel Co.* 257 U.S. 92 (1921). The linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party is reasonable in law and fact. In *Polyplastics, Inc. v. Transconex, Inc.,* 713 F.2d 875 (1st Cir. 1983) the Court determined that "a finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant."

The Supreme Court in *Wecker v. Nat'l Enamling & Stamping Co.*, 204 U.S. 176 (1907) established the procedure for challenging a joinder as fraudulent. The Court held:

> "If in such a case a resident defendant is joined, the joinder, although fair on its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to the conclusion apart from the pleader's deductions. The petition must be verified, and its statements must be taken by the state court as true. If removal is effected, the plaintiff may, by a motion to remand, plea or answer, take issue with the statements in the petition. If he does, the issues so arising must be heard and determined by the District Court, and at the hearing the petitioning defendant must take and carry the burden of proof, he being the actor in the removal proceeding. But if the plaintiff does not take issue with what is stated in the petition, he must be taken as assenting to its truth, and the petitioning defendant need not produce any proof to sustain it."

## *III. ARGUMENT IN SUPPORT OF REMAND*

Defendant, Travelers argues that the citizenship of DeLuca and GSM must be disregarded because they were joined to defeat diversity jurisdiction. Defendant, Travelers now bears the burden of establishing that Plaintiff cannot possibly establish a cause of action against either DeLuca or GSM. Defendant, Travelers suggests that there is no cause of action against DeLuca and GSM because, as a result of a release to Leo Doire from DeMarco, neither Doire nor Virginia were damaged and no action lies where there is no injury and there are no recoverable damages. Travelers fails to acknowledge the damages that took place up to and including the date of the release, including that Doire had to retain his own counsel to avoid bankruptcy and pay sums of his own money to have other parties released. Regardless, Plaintiff, for purposes of fraudulent joinder, need not state in detail the precise elements of damages in their Complaint.

Defendants cite *Plummer v. Abbott Laboratories*, 568 F. Supp. 920 (1983) to support the proposition that there must be damages. However, in *Plummer* it was clear that the Plaintiffs alleged that the conduct of the defendants created an increase in the risk of cancer. The Court

properly held that a heightened risk of cancer does not, in and of itself, support or state a viable cause of action as there must be an injury. Consequently, *Plummer* is readily distinguishable from the case at bar. Plaintiffs in this case have damages and those damages are not a result of what might take place, but what has been done. The damages are properly alleged. The Court must look at the Complaint to determine if there is a colorable claim. In this case the Court must only see if the Plaintiffs have sought damages. They have. The assertion that Plaintiff has not stated what his damages specifically are within the body of the Complaint is not fatal in this context, nor is it even close.

Travelers next argues that there is no assignment at all and rests this assertion solely on one word embodied within the Complaint. That word is "would" on one page of a ten page Complaint. Travelers argues that the Complaint states that "Virginia *would* assign all of it's rights to DeMarco in exchange for a General Release releasing only those claims against Virginia…". Travelers intentionally takes this paragraph out of context. Travelers tortured argument continues that the use of the word "would" means no assignment existed. This argument is completely devoid of merit. The portion of the Complaint cited by Travelers has been taken out of context. The entire sentence reads:

> "Corporate Counsel and counsel for DeMarco *entered* (italicized added) into negotiations to settle the DeMarco verdict/judgment by Virginia *executing* (italicized added) an assignment under which Virginia would assign all of its rights to DeMarco in exchange for a general release releasing only those claims against Virginia and specifically reserving any and all claims that existed against Travelers."
>
> (Paragraph 41, Plaintiffs' Complaint)

The Complaint clearly, and without question, asserts that an assignment in fact took place. The assignment was entered into on November 17, 2006. This Court can take judicial

notice that the Complaint was filed November 22, 2006. In addition, Paragraph 46 states that "DeMarco negotiated a resolution with Virginia and Doire through its corporate counsel that in exchange for an assignment for all of Virginia's rights against Travelers, DeMarco would execute a release".

There is no question that there is a valid assignment. It is a distortion of the facts to suggest that no assignment existed at the time of the filing of the Complaint. This is especially so when counsel for Travelers, Anthony Zelle was present at corporate counsel's office at the time the assignment was entered into on November 17, 2006.

In addition, Zelle, on behalf of Travelers, filed an Amended Complaint on November 21, 2006 in this Court alleging in part that "Virginia Transportation and/or Doire assigned to DeMarco certain claims". (See, *Travelers Indemnity Company v. Virginia Transportation Corporation, Leo Doire, Jr. and Wayne DeMarco,* CA 06-488 Paragraph 39*)*. Defendants admitted that allegation. The representation by Travelers that an assignment had taken place, as outlined in their Complaint, and admitted by Defendants in their Answer, puts this non-issue to rest. A judicially admitted fact is conclusively established and such an admission removes that fact from the controversy and obviates the need of one party to produce evidence concerning the fact. See *DiLuglio v Providence Auto Body, Inc.*, 755 A.2d 757 (R.I. 2000). It is absurd for Travelers to now suggest that no assignment exists. This argument is not only specious, it demonstrates the length that Travelers will go to shop for a forum they believe will assist their interests.

## IV. CONCLUSION

The notice of removal is disingenuous. Travelers' Memorandum is misleading and replete with inaccuracies. Such conduct should not be rewarded. This notice of removal is

nothing more than a thinly veiled attempt by Travelers to specifically select a forum. For the above reasons Plaintiffs contend that this Court does not have Jurisdiction of this matter pursuant to 28 U.S.C. § 1332 and respectfully requests an order remanding the matter to the Rhode Island Superior Court pursuant to 28 U.S.C §1447(c). Further, there appears that there is no objectively reasonable basis for the removal and therefore, consistent with *Martin v. Franklin Capital Corp.*, 126 S. Ct 704 (2005), Plaintiffs seek reasonable costs and attorney fees and sanctions as the Court sees fit.

Plaintiff,
By Their Attorneys:
***D'AMICO • BURCHFIELD, LLP***

/s/ Robert A. D'Amico, II, Esq.

/s/ Mark W. Dana, Esq.

Robert A. D'Amico, II, Esq. #4593
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, Rhode Island 02909
(401) 454-1212
(401) 454-1233 – fax

***CERTIFICATION***

I hereby certify that on this 15th day of December, 2006, a true copy of the within *Memorandum* was filed electronically, and is available for viewing and downloading from the ECF system, and copies were sent to all counsel of records via regular mail.

Anthony R. Zelle
ZELLE McDONOUGH, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114

Stephen P. Harten, Esq.
Ratcliffe Burke Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

/s/ Mark W. Dana, Esq.