UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WAYNE DEMARCO and LEESA DEMARCO, Individually, as parents and legal guardians of Chayce DeMarco, a minor and Brayden Demarco, a minor, and as Assignees of LEO H. DOIRE, and VIRGINIA TRANSPORTATION CORP. | ) | |
| vs. | ) | CA 1:06-cv-00539-S-LDA |
| TRAVELERS INSURANCE COMPANY, MICHAEL R. DELUCA, ESQ., AND GIDLEY, SARLI & MARUSAK, LLP | ) | |

**TRAVELERS INSURANCE COMPANY'S[1]**
**MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6) and the prior pending action doctrine, defendant Travelers Indemnity Company of America ("Travelers"), moves to dismiss the plaintiffs' Complaint. Accepting the complaint's factual allegations as true, the plaintiffs fail to establish a cause of action upon which relief can be granted because they do not establish the existence of a written assignment as required by Rhode Island General Laws, § 9-2-8. Moreover, any attempt by plaintiffs to cure this defect would be futile because plaintiffs executed a release that extinguished all of the purportedly assigned claims. In the alternative, should this Court find that any viable cause of action exists, this action should be dismissed because there is a prior pending action in this Court that involves the same parties and subject matter.

[1] Although plaintiffs name Travelers Insurance Company as a defendant, there is no such legal entity. The claims alleged by plaintiffs arise from a liability insurance policy issued by Travelers Indemnity Company of America to Virginia Transportation Company.

Alternatively, Travelers requests this Court to consolidate this action with the prior pending action in this Court, *Travelers Indemnity Company v. Virginia Transportation Corporation, et al*, Civil Action No 06-488S.

Travelers relies on the attached Memorandum of Law in support of its position. Travelers also requests oral argument on this matter pursuant to LR Cv 7(e)

Respectfully submitted,

**THE TRAVELERS INDEMNITY COMPANY,**

By their attorneys,

/s/ Stephen P. Harten

Stephen P. Harten, R.I. Bar I.D No 4102
**RATCLIFFE BURKE HARTEN & ELIAS LLP**
1600 Financial Plaza
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440

and

Anthony R. Zelle (pro hac vice application pending)
**ZELLE MCDONOUGH LLP**
Four Longfellow Place, 35th Floor
Boston, MA 02114
Tel: (617) 742-6520
Fax: (617) 973-1562

Dated: December 19, 2006

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as nonregistered participants on December 19, 2006

/s/ Stephen P. Harten
Stephen P. Harten

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WAYNE DEMARCO and LEESA DEMARCO, Individually, as parents and legal guardians of Chayce DeMarco, a minor and Brayden Demarco, a minor, and as Assignees of LEO H. DOIRE, and VIRGINIA TRANSPORTATION CORP. | ) | CA 1:06-cv-00539-S-LDA |
| vs. | ) | |
| TRAVELERS INSURANCE COMPANY, MICHAEL R. DELUCA, ESQ., AND GIDLEY, SARLI & MARUSAK, LLP | ) | |

**TRAVELERS INSURANCE COMPANY'S[1] MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

## Introduction

Pursuant to Fed R. Civ. P. 12(b)(6) and the prior pending action doctrine, defendant Travelers Indemnity Company of America ("Travelers"), submits this memorandum of law in support of its Motion to Dismiss [2] Accepting the complaint's factual allegations as true, the plaintiffs fail to establish a cause of action upon which relief can be granted because they do not establish the existence of a written assignment as required by Rhode Island General Laws, § 9-2-8. Moreover, any attempt by plaintiffs to cure this defect would be futile because plaintiffs executed a release that extinguished all of the purportedly assigned claims. In the alternative, should this Court find that any viable cause of action exists, this action should be dismissed

[1] Although plaintiffs name Travelers Insurance Company as a defendant, there is no such legal entity. The claims alleged by plaintiffs arise from a liability insurance policy issued by Travelers Indemnity Company of America to Virginia Transportation Company

[2] To the extent this Court may rely upon any material that is not included in the complaint, it may treat this motion as one for summary judgment Fed. R. Civ. P 12(b)(6); *Alternative Energy, Inc v. St Paul Fire & Marine Ins Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *Fudge v Penthouse Int'l. Ltd*, 840 F 2d 1012, 1015 (1st Cir. 1988); *O'Malley v. Egremont*, 453 F. Supp. 2d 240, 245 (D Mass. 2006); *Riccio v Ford Motor Credit Co*, 238 F.R.D 44, 46 (D. Mass 2006).

because there is a prior pending action in this Court that involves the same parties[3] and subject matter.

**Operative Facts**

This action is brought by the DeMarcos "as assignees of Leo H. Doire, and Virginia Transportation Corp." *Complaint,* ¶ *1* As alleged by plaintiffs, the subject matter of this complaint involves the actions of Travelers in connection with a personal injury claim brought against Travelers' policyholder, Virginia Transportation Corporation ("Virginia") and its owner, Leo H Doire ("Doire"). *Complaint,* ¶¶ *1-46*. For ease of reference, a true and accurate copy of the "DeMarco Complaint" is attached as Exhibit A to the Transmittal Affidavit of Stephen P. Harten. Travelers issued a liability insurance policy to Virginia Transportation Corporation. *Complaint,* ¶ *6*. The limit of the policy is $1,000,000. *Complaint,* ¶ *9*. While driving a vehicle owned by Virginia, Doire was involved in an accident and caused severe injuries to two of his passengers, Wayne DeMarco and Paul Woscyna. *Complaint,* ¶ *8, 34*. In paragraph 17 of their complaint, plaintiffs allege that "on or about July 1, 2006, Travelers, by appointed counsel, provided written notice that it was surrendering its One Million Dollar policy limit to all interested claimants . . ." *Complaint,* ¶ *17* (Plaintiffs use the term "appointed counsel" to refer to Michael DeLuca and Gidley, Sarli & Marusak. *Complaint,* ¶ *15*.) When Travelers' offer of its "One Million Dollar policy limit" "failed to settle all claims . . . appointed counsel filed an interpleader action . . . requesting the court to allow Travelers to deposit its policy limit into the

[3] As set forth in the Removal Petition, defendants Michael DeLuca and Gidley, Sarli & Marusak, LLP were joined for the improper purpose of defeating diversity jurisdiction. Plaintiffs named these defendants in the complaint they filed in state court, despite their ability to add them as third party defendants in the previously filed action in this court. When analyzing diversity jurisdiction, the court need not consider the non-diverse third party defendant. *Antonucci v. Cherry Hill Manor*, No. CA 06-108ML, 2006 WL 2456488, at *2 (D.R.I. Aug. 22, 2006); *Lawrence Builders, Inc. v. Kolodner*, 414 F. Supp. 2d 134, 138 (D.R.I. 2006).

Court registry," while it continued to defend Virginia and Doire against the lawsuits filed by DeMarco and Woscyna. *Complaint, ¶ 19 and 20.*

In a further effort to resolve the claims against Doire and Virginia, Travelers made a settlement offer of $550,000 to DeMarco in conjunction with a settlement offer of $450,000 to Woscyna. *Complaint, ¶ 27.* "DeMarco rejected the $550,000 settlement offer and proceeded to trial." *Complaint, ¶ 28.* A jury awarded the DeMarcos $2,801,937, which included statutory interest up to September 22, 2006 *Complaint, ¶ 35.* Following the verdict, to protect Doire and Virginia from liability for the amount of the verdict in excess of the $1,000,000, and to protect Doire and Virginia against the exposure they faced in connection with the Woscyna claims, "[a]t Travelers suggestion," a further mediation took place, at which time "Woscyna agreed to accept $450,000 in full and final settlement of his claims against Virginia and Travelers . . . [and] the remaining policy limit of $550,000 [went] to DeMarco . . . ." *Complaint, ¶¶ 45-46.*

In exchange for the payment by Travelers, the DeMarcos executed a release that states:

<u>**GENERAL RELEASE**</u>

WAYNE DEMARCO, LEESA DEMARCO, CHAYCE DEMARCO AND BRAYDEN DEMARCO (collectively, the "Releasors"), in consideration of the sum of **$550,000 (Five Hundred Fifty Thousand 00/100 Dollars)** paid by Travelers Insurance Company of America, and for good and other valuable consideration the receipt and adequacy of which is hereby acknowledged, do hereby remise, release, and forever quit-claim unto said LEO H. DOIRE and VIRGINIA TRANSPORTATION CORP., a Rhode Island corporation, their successors and **assigns** (collectively the "Releasees") any and all manners of action, causes of action, debts, dues, claims and demands, both in law and equity, which against said Releasees said Releasors ever had, now have, or in the future may have for or by any reason or means of any matter or thing from the beginning of the world to the date of these presents including, without limitation, any and all loss, damage or claim arising out of the subject matter of the litigation brought by the Releasors against the Releasees in the Providence County Superior Court being Civil Action No. 04-1171 (the "Litigation") and any verdict or judgment in the Litigation.

(Emphasis added.) A true and accurate copy of this release is attached as Exhibit B to the Transmittal Affidavit of Stephen P. Harten.

In Count II of the DeMarco Complaint, plaintiffs seek "declaratory judgment on Travelers' obligation to pay prejudgment and post-judgment interest above and beyond its policy limits. *Complaint, Count II, ¶¶ 46-50.* In Count I and Counts III-VI, plaintiffs contend:

> DeMarco, **as assignee of Leo H. Doire and Virginia Transportation Corp.**, is hereby entitled to make demand upon Travelers to pay the verdict/judgment amount in the Litigation . . . ." *Complaint, ¶ 48* (emphasis added);
>
> Travelers conduct as set forth in this Complaint constitutes a material breach of its obligations pursuant to its insurance contract with Virginia [Transportation Corp.] *Complaint, ¶ 52*;
>
> Travelers acted with malice, wantonness or willfulness and its conduct alleged in this Complaint shocks the conscience of a reasonable person and, therefore, **DeMarco** is entitled to an award of punitive damages [under R.I.G.L. 9-1-33] . . . . *Complaint, ¶ 52* (emphasis added);
>
> Given the conduct of the Travelers as alleged in this Complaint, **the DeMarcos, individually and separate and apart from their legal status as Assignee of Virginia,** are entitled to require that Travelers pay the verdict/judgment above and beyond the policy limit. *Complaint, ¶ 59* (emphasis added);
>
> The conduct of Michael R. DeLuca . . . as appointed counsel for Virginia constitutes a conflict of interest and negligence in the representation of Virginia in the Litigation. *Complaint, ¶ 61*; and
>
> The conduct of DeLuca breaches the standard of care that other counsel would give in the same or similar circumstances. *Complaint, ¶ 62.*

On November 7, 2006, more than two weeks before the DeMarco complaint was filed, Travelers filed a declaratory judgment action ("Travelers Complaint") against Leo Doire, Virginia Transportation, Wayne DeMarco, *et al* in the United States District Court for the District of Rhode Island, Civil Action No. 06-488S. A copy of the Travelers' Complaint is attached as Exhibit C to the Transmittal Affidavit of Stephen P. Harten. Like the DeMarco Complaint filed in the state court, the subject matter of this prior pending action involves the

actions of Travelers in connection with the personal injury claims brought against Doire and Virginia by DeMarco and Woscyna. *Travelers Complaint, ¶¶ 1-27.* After Travelers paid its policy limit of $1,000,000 and obtained the releases in favor of Doire and Virginia from the DeMarcos and Woscynas, Travelers filed an Amended Complaint in this Court on November 21, 2006, to conform to the changed circumstances. A true and accurate copy of the Amended Complaint is attached as Exhibit D to the Transmittal Affidavit of Stephen P. Harten. A courtesy copy of the Amended Complaint, along with the original Travelers Complaint, was sent to counsel for DeMarco, D'Amico & Burchfield LLP, on November 21, 2006. A true and accurate copy of this correspondence is attached as Exhibit E to the Transmittal Affidavit of Stephen P. Harten. The next day, the DeMarco Complaint was filed in state court. *Complaint, p. 10.*

**ARGUMENT**

No relief can be granted on plaintiffs' claims as alleged because: (1) the complaint fails to establish the existence of a written assignment as required by Rhode Island General Laws 1956, § 9-2-8; (2) even if there were a written assignment, no cause of action lies where, in consideration for the payment made by Travelers, the DeMarcos released Doire and Virginia from "any and all manners of action, causes of action, debts, dues, claims and demands, both in law and equity . . . including, without limitation, any and all loss, damage or claim arising out of the subject matter of the" underlying Litigation; and (3) there is no cognizable claim under Rhode Island law for bad faith alleged by a third party. While there are no viable claims presented in the DeMarco Complaint, if a claim upon which relief could be granted did exist, the DeMarco Complaint should be dismissed in favor of the prior pending action or consolidated with the prior pending action.

## I. THE COMPLAINT FAILS TO ALLEGE A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED

### A. Standard of Review

In assessing whether to grant a motion to dismiss under Rule 12(b)(6), the court accepts the allegations contained in the complaint as true and gives plaintiffs' the benefit of all reasonable inferences. *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *Roma Constr. Co. v. Russo*, 96 F. 3d 566, 568 (1st Cir. 1996); *United States v. St. Paul Fire & Marine Ins. Co.*, No. CA 05-480S, 2006 WL 2171615, at * 1 (D.R.I. Jul. 31, 2006) The motion is granted if it is clear that the nonmoving party would not be entitled to relief under any set of facts that might support the claim. *Roma*, 96 F. 3d at 569; *see also Resendes*, 2006 WL 3488738, at * 7; *St. Paul*, 2006 WL 2171615, at * 1; *Marcello*, 2006 WL 1582404, at * 3 (all quoting *Roma*). "A plaintiff must allege facts in support of 'each material element necessary to sustain recovery under some actionable legal theory.'" *Resendes v. Brown*, No. CA 06-286ML, 2006 WL 3488738, at * 7 (D.R.I Nov. 30, 2006) quoting *Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 16 (1st Cir. 1989).

### B. The Complaint Should Be Dismissed Because it Fails to Establish the Existence of A Written Assignment from Virginia and Doire to Plaintiffs

Plaintiffs assert their claims "as assignees of Leo H. Doire and Virginia Transportation Corp." *Complaint,* ¶ *1*. Under Rhode Island General Laws 1956, § 9-2-8, a written assignment is required before an assignee may file an action in his or her own name. Section 9-2-8 provides:

> **Assignee of nonnegotiable chose in action.**—The assignee of a nonnegotiable chose in action which has been assigned in writing may maintain an action thereon in his or her own name, but subject to all defenses and rights of counterclaim, recoupment, or setoff to which the defendant would have been entitled had the action been brought in the name of the assignor.

In *Weybosset Hill Investments, Inc v. Rossi,* 857 A.2d 231, 241 (R.I. 2004), the Supreme Court held that the making and delivery of a valid written assignment must be established before an assignee will be permitted to sue in the assignee's own name. *See also, Lombardi v Electromet Co*, 540 A.2d 16, 17 (R.I. 1988); *United Master Plumbers Ass'n of Rhode Island, Inc v. Bookbinder Plumbing and Heating Co.*, 210 A.2d 573, 576 (R.I. 1965); *Plotkin v. Danakos*, 41 A.2d 470, 472 (R.I. 1945) Plaintiff complaint fails to establish the existence of a valid written assignment. The complaint alleges that "Corporate counsel [for Virginia and representing Doire] and counsel for DeMarco entered into negotiations to settle the DeMarco verdict/judgment by Virginia executing an assignment under which Virginia **would** assign all of its rights to DeMarco in exchange for a general release releasing only those claims against Virginia . . . ." *Complaint, ¶ 41* (Emphasis added.) Even accepting as true the allegation that counsel for DeMarco was negotiating with counsel for Doire and Virginia, the conditional representation that if these negotiations were successful, Virginia "would" assign its rights to DeMarco fail to establish the existence of a written assignment of the specific claims that are presented in this action To establish the existence of a written assignment, in lieu of an allegation to this effect, plaintiffs could have attached that purported assignment to the DeMarco Complaint. However, this too they failed to do. Where the present complaint merely refers to plaintiffs' efforts to "negotiate an assignment," fails to allege the existence of an assignment, and does not attach a written assignment of the claims plaintiffs purport to assert as "assignees of Leo H. Doire and Virginia Transportation Corp.," the complaint must be dismissed.

### C. The DeMarcos' Release of Doire and Virginia Left Nothing to Be Assigned

The DeMarcos obtained a jury verdict against Doire and Virginia for a sum in excess of the Travelers policy limit. However, for reasons unexplained in the DeMarco Complaint, they

relinquished all claims they "ever had, now have, or in the future may have against Doire and DeMarco" in "consideration of the sum of $550,000 paid by Travelers " This General Release was executed on November 17, 2006 and witnessed by a Notary Public ("corporate counsel for Virginia" as alleged in paragraph 41 of the Complaint) Since both Doire and Virginia have been released from any liability they may have had to the DeMarcos based on the verdict, they have sustained no damages. The purported assignment is a nullity, as would be any real assignment. *See, Clement v. Prudential Prop & Cas. Co.*, 790 F 2d 1545, 1548 (11th Cir. 1986); *Catholic* (once released from liability, there is no valid claim to assign); *Relief Ins. Co. of America v. Liquor Liab. Joint Underwriting Ass'n of Massachusetts*, 1997 WL 781448, at *27 (Mass. Super. Dec. 22 1997) (citing *Clement*). Moreover, the Release executed by plaintiffs explicitly extends to "successors and **assigns**" of Doire and Virginia Thus, by its plain terms, the Release bars the claims of the DeMarcos "as assignees."

There is no Rhode Island authority to support plaintiffs' contention that the liability extinguished by the General Release they provided to Doire and Virginia, can be resurrected through an assignment. Moreover, when such logically deficient claims have been asserted in other jurisdictions, they have been routinely dismissed. The facts presented in these cases are analogous to the present case and the reasoning applies with equal force. For example, in *Catholic Relief Ins Co of America v Liquor Liab Joint Underwriting Ass'n of Massachusetts*, a woman sued a Catholic Diocese to recover for injuries she suffered in a car accident after attending a wedding reception held in the Diocese's function hall. Catholic Relief provided liability insurance to the Diocese and settled the claim for the policy limit. In consideration for the payment of the policy limit, the woman released the Diocese. After obtaining the release for its insured, Catholic Relief obtained an assignment from the Diocese to pursue a claim against

the Liquor Liability Joint Underwriting Association of Massachusetts ("LLJUAM"), which had issued a liquor liability policy to the Diocese. Based on the assignment, Catholic Relief sued LLJUAM. The court dismissed the claims and held: when "the Diocese executed the assignment . . . it had already been released from all liability . . . ." *Catholic Relief*, 1997 WL 781448, at *27. The court explained: once the Diocese was released, any claims it had against the insurer arising out of the Diocese's liability to the injured third party ended "because the insured [was] no longer exposed to any excess damages." *Id.* (quoting *Clement v. Prudential Prop. & Cas. Co.*, 790 F.2d 1545, 1548 (11th Cir. 1986)).

Similarly, in *Fidelity & Cas. Co. v. Cope*, 462 So.2d 459 (Fla. 1985), Florida's Supreme Court considered "whether an injured party who has secured a judgment in excess of a tortfeasor's insurance coverage can maintain a 'bad faith' excess claim against the insurer when the injured party has executed a release of his claims against the tortfeasor who has satisfied the judgment." The court held that "absent a prior assignment of the cause of action, once an injured party has released the tortfeasor from all liability, or has satisfied the underlying judgment, no such action may be maintained." *Id.* *See also*, *Clement v. Prudential Prop. & Cas. Co.*, 790 F.2d 1545, 1548 (11th Cir. 1986) (insured no longer faced with excess damage once released from liability by the injured third party so claims arising out of liability no longer exist); *Stubblefield v. St. Paul Fire & Marine Ins. Co.*, 517 P.2d 262 (Or. 1973) (settlement agreement released insured of obligation to pay sums in excess of the policy limit, thus assignment by insured of claims against insurer for excess bestowed no enforceable rights on third party).

The DeMarco claims would fail to state a viable cause of action even if there were a valid written assignment. The First Circuit Court of Appeals has expressed the "abecedarian principle of tort law that an individual must be injured to recover for the

negligent acts of another") *Plummer v. Abbott Laboratories*, 568 F Supp. 920, 922 (1983), citing, *Mullaney v. Goldman*, 398 A.2d 1133, 1136 (R.I. 1979); *see also, Phelps v. Burrillville Racing Ass'n.*, 73 R.I. 84, 53 A.2d 753, 754 (1947) As noted above, the DeMarcos provided Doire and Virginia with a General Release, which expressly extended to "assigns," and extinguished any liability that Doire and Virginia "ever had, now have, or in the future may have" including, without limitation the purportedly assigned claim for "any and all loss, damage or claim arising out of the subject matter of the litigation brought by the [DeMarcos] against [Doire and Virginia] in the Providence County Superior Court being Civil Action No. 04-1171 and any verdict or judgment in the Litigation." Consequently, the claims asserted in this Complaint would fail to state a viable cause of action even if there were a valid written assignment.[4]

### D. Rhode Island Does Not Recognize a Cause of Action for Third Party Bad Faith Claims

Where plaintiffs cannot sustain a cause of action based on the purported assignment of claims by Doire and Virginia, they cannot avert a dismissal of the complaint based on an allegation of a direct bad faith claim against Travelers. In Count V of their complaint, plaintiffs claim that "[g]iven the conduct of Travelers as alleged in this Complaint, the DeMarcos, **individually and separate and apart from their legal status as Assignee of Virginia**, are entitled to require that Travelers pay the verdict/judgment above and beyond the policy limit." *Complaint, ¶ 59* (emphasis added) Under Rhode Island law, however, only an insured may bring a bad faith claim against the insurer Rhode Island General Laws 1956, § 9-1-33; *Cianci v*

[4] The improper joinder of the Michael DeLuca and Gidely, Sarli and Marusak does not rescue plaintiffs. As more fully detailed in the Removal Notice, the Release extinguished Doire's and Virginia's liability for "**any and all loss, damage or claim**." Consequently Doire and Virgnia have not, and could not, alleged any damage resulting from the alleged malpractice of Michael DeLuca and Gidely, Sarli and Marusak.

*Nationwide Ins. Co.*, 659 A.2d 662 (R.I. 1995); *Auclair v. Nationwide Mut. Ins Co.*, 505 A.2d 431, 431 (R.I. 1986) (per curiam). In the context of third party liability insurance, there is an adversarial relationship between an insurer and third parties, so "any obligation to deal in good faith [runs] only to the insured." *Canavan v Lovett, Schefrin & Harnett,* 745 A 2d 173, 174 (R I. 2000) (citing *Auclair*, 505 A.2d at 431)).

## II. THE COMPLAINT SHOULD BE DISMISSED AS THERE IS A PRIOR PENDING ACTION IN THIS COURT INVOLVING THE SAME ISSUES AND THE SAME PARTIES

### A. Standard of Review

The prior pending action doctrine "recognizes the court's inherent power to dismiss or stay an action in favor of prior litigation presenting the same claims and issues." *Carmack v Massachusetts Bay Trans. Auth.*, No. 05-11430-PBS, 2006 WL 3475225, at *10 n10 (D. Mass. Oct. 10, 2006). Generally, common parties and issues are required. *Id* The standard of review under the prior pending action doctrine requires that the court consider, among other things, the convenience of the courts, the order in which concurrent forums obtained jurisdiction, the time that elapsed between the two suits, and the joinder of all parties and causes of action. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *American Home Assurance Co. v. Insular Underwriters Corp.*, 494 F.2d 317, 320 (1st Cir. 1974); *Carmack*, 2006 WL 3475225, at *10 n. 10. The purpose of the doctrine is to avoid wasting judicial time and energy in entertaining multiple suits, and avoid the embarrassment of conflicting judgments. *See Colorado River*, 424 U.S. at 817; *Hologic, Inc. v. Lunar Corp.*, 64 F 3d 678, 1995 WL 501958, at *2 (1st Cir. Aug. 23, 1995); *American Home*, 494 F.2d at 320; *Shakur v. Dzurenda,* No. 3:05CV763, 2006 WL 3000460, at *2 (D Conn. Oct. 16, 2006) (citation omitted); *Howard v Klynveld Peat Marwick Goerdeler*, 977 F Supp 654, 664 (S.D N.Y. 1997) All of the claims

alleged by plaintiffs against Travelers in this action arise out of the same operative facts raised in the action previously filed by Travelers Moreover, the same legal issues are presented for adjudication, namely, whether Travelers is liable to Doire or Virginia for any sums above the policy limit, which Travelers paid to settle the claims against them To the extent the DeMarcos claims are not disposed on their merits by a ruling on the motion to dismiss, this case should be dismissed in favor of the prior pending action filed by Travelers.

### B. Travelers' Complaint Filed in this Court Before the DeMarco Complaint Raises the Same Issues and Involves the Same Parties.

As stated above, on November 7, 2006, Travelers filed a complaint in the United States District Court for the District of Rhode Island to obtain an adjudication of its right and duties in connection with the claims against Doire and Virginia by the DeMarcos and the Woscynas. At the time it was filed, the DeMarcos had obtained a verdict and the trial judge had stayed the entry of judgment against Doire and Virginia As alleged by plaintiffs, "at Travelers suggestion" a mediation was convened and on November 17, 2006, all of the claims by the DeMarcos and the Woscynas against Doire and Virginia were settled. On November 21, 2006, Travelers filed an amended complaint to conform to the newly developed facts, namely the settlement of the DeMarcos' claims, and a courtesy copy of the Amended Complaint was provided to counsel for DeMarco, along with the original Complaint that had been filed in the federal court In what can only be construed as a flagrant attempt to avoid federal court jurisdiction, plaintiffs filed this action the very next day, on November 22, 2006

It is well established that where there is a prior action pending in one court, a second action filed in the same or another court should be dismissed if it involves the same parties and involves the same or substantially the same subject matter. *See Hologic,* 1995 WL 501958, at

*2; *Adam v. Jacobs*, 950 F. 2d 89, 92 (2d Cir. 1991); *Transatlantic Reins. Co. v. Continental Ins. Co.*, 2003 WL 22743829, at *1 (S.D.N.Y. Nov. 20, 2003); *Howard*, 977 F. Supp. at 664.

The Travelers Complaint was filed against Virginia, Doire, DeMarco, and Woscyna.[5] That complaint requests declarations, *inter alia* that: (a) Travelers fully satisfied its contractual duties to Virginia Transportation and Doire under the insurance policy; (b) Travelers was not required to pay the policy limit of $1,000,000 to DeMarco, where that payment would have left Virginia Transportation and Doire uninsured against the claims by Woscyna and National Grid; (c) Travelers was not required to pay any sums to DeMarco, Woscyna, or National Grid in excess of the policy's stated limit of $1,000,000; (d) Travelers is not required to indemnify or to pay Virginia Transportation or Doire for any sums he has agreed or may agree to pay DeMarco; (e) Travelers was not required to pay any interest accrued after the entry of judgment, where a motion to deposit in court the policy limit of $1,000,000. *Travelers Complaint,* ¶ *30*. There is not a single claim made by the DeMarcos in the present action that will not be resolved in the prior pending federal court action. Accordingly, where the present complaint was filed as brazen attempt to deprive Travelers of the right to litigate in federal court based on diversity jurisdiction, and now exists only as an additional burden on this court, it should be dismissed in favor of the prior pending action.

**WHEREFORE**, The Travelers Indemnity Company respectfully requests that this Court to dismiss the DeMarco Complaint based on its failure to state any cause of action upon which relief could be granted. Travelers further requests an award of any such other relief as the Court may deem just and proper, which may include the attorneys' fees and costs incurred in connection with DeMarcos' unprincipled procedural posturing. In the alternative, Travelers

[5] It also named National Grid USA Service Company, Inc., which had brought a claim against Doire based on the damage he caused to a utility pole when he caused the accident that gave rise to the DeMarco and Woscyna claims.

requests this court to consolidate this action with the prior pending action in this court, *Travelers Indemnity Company* v. *Virginia Transportation Corporation, et al*, Civil Action No. 06-488S

Respectfully submitted,

**THE TRAVELERS INDEMNITY COMPANY,**

By their attorneys,

Stephen P. Harten, R.I. Bar I.D. No 4102
**RATCLIFFE BURKE HARTEN & ELIAS LLP**
1600 Financial Plaza
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440

and

Anthony R. Zelle (pro hac vice application pending)
**ZELLE MCDONOUGH LLP**
Four Longfellow Place, 35th Floor
Boston, MA 02114
Tel: (617) 742-6520
Fax: (617) 973-1562

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as nonregistered participants on December 19, 2006.

/s/ Stephen P. Harten
Stephen P. Harten

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WAYNE DEMARCO and LEESA DEMARCO, Individually, as parents and legal guardians of Chayce DeMarco, a minor and Brayden Demarco, a minor, and as Assignees of LEO H. DOIRE, and VIRGINIA TRANSPORTATION CORP. | ) | C.A. No. 1:06-cv-00539-S-LDA |
| vs. | ) | |
| TRAVELERS INSURANCE COMPANY, MICHAEL R DELUCA, ESQ., AND GIDLEY, SARLI & MARUSAK, LLP | ) | |

**TRANSMITTAL AFFIDAVIT OF STEPHEN P. HARTEN**

I, Stephen P. Harten, affirm as follows:

I am an attorney at the law firm of Ratcliffe Burke Harten & Elias LLP, counsel to Travelers Indemnity Company of America ("Travelers"), in the above-captioned matter. I further affirm that:

1. Attached as Exhibit A hereto is a true and accurate copy of the Complaint filed in Rhode Island Superior Court by the DeMarcos against Travelers Insurance Company, Michael S. DeLuca, Esq. and Gidley, Sarli & Marusak, LLP on November 22, 2006.

2. Attached as Exhibit B hereto is a true and accurate copy of the General Release given by the DeMarcos to Leo H. Doire ("Doire") and Virginia Transportation Corp. ("Virginia") dated November 17, 2006.

3. Attached as Exhibit C hereto is a true and accurate copy of the Complaint filed in the United States District Court for the District of Rhode Island by Travelers against Virginia, Doire, Wayne DeMarco, Paul D Woscyna and National Grid USA Service Company, Inc. on November 7, 2006.

4. Attached as Exhibit D hereto is a true and accurate copy of the Amended Complaint filed in the United States District Court for the District of Rhode Island by Travelers on November 21, 2006.

5. Attached as Exhibit E hereto is a true and accurate copy of a letter, dated November 21, 2006, sent by Travelers through its counsel to the DeMarcos' counsel enclosing the Complaint and Amended Complaint.

**Signed under the pains and penalties of perjury this 18th day of December, 2006.**

/s/ Stephen P. Harten
Stephen P. Harten

# EXHIBIT A

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

WAYNE DEMARCO and LEESA DEMARCO, individually, as parents and legal guardians of Chayce DeMarco, a minor and Brayden DeMarco, a minor, and as Assignees of LEO H. DOIRE, and VIRGINIA TRANSPORTATION CORP.

vs.

TRAVELERS INSURANCE COMPANY, MICHAEL R. DELUCA, ESQ, AND GIDLEY, SARLI & MARUSAK, LLP

## ***COMPLAINT***

### ***Parties and Facts Common to all Counts***

1. The Plaintiffs, Wayne DeMarco and Leesa DeMarco, individually, as parents and legal guardians of Chayce DeMarco, a minor and Brayden DeMarco, a minor, and as assignees of Leo H. Doire and Virginia Transportation Corp. (collectively "Virginia"), are residents in the County of Providence, State of Rhode Island (collectively "DeMarco").

2. Travelers Indemnity Company of America, Travelers St Paul, Travelers Insurance Company ("hereinafter Travelers") is an insurance company duly licensed and authorized to do business in the State of Rhode Island.

4. Gidley, Sarli & Marusak is a Rhode Island Limited Liability Partnership licensed to practice law in the State of Rhode Island.

5. Michael DeLuca is a partner in the Partnership of Gidley, Sarli & Marusak.

6. Virginia paid good and valuable consideration to Travelers for a policy of insurance, also known as policy # I-810-5049W206-IND-02 (herinafter "The Policy").

7. The Policy was in effect on September 10, 2003.

8. On September 10, 2003, Leo H. Doire was operating a motor vehicle owned by Virginia Transportation Corp. in the City of Cranston, County of Providence, State of Rhode Island when he was involved in a serious motor vehicle accident. Wayne DeMarco was a front seat passenger in the vehicle and was severely injured at the time of the accident.

9. At the time of the accident, Virginia was covered by The Policy with policy limits purportedly in the amount of One Million Dollars.

10. That given the severity of Wayne DeMarco's injuries, counsel for Wayne DeMarco notified Travelers in writing on November 3, 2003 that Wayne DeMarco's claim would likely exceed the policy limit of One Million Dollars.

11. On or about February 2, 2004, counsel for the DeMarcos forwarded a courtesy copy of a civil complaint to Travelers and demanded the policy limit in settlement of the DeMarcos' claims and, at the same time, filed suit in the Providence County Superior Court in the matter entitled *Wayne DeMarco, Leesa DeMarco, Individually and as Parent and Next Friend of Braedyn DeMarco, a minor, and Chayce Demarco, a minor vs. Leo H. Doire, Alias and Virginia Transportation Corporation, Alias,* in the Providence County Superior Court, C.A. #: 04-1171 (the "Litigation").

12. While the litigation was pending, DeMarco made various and repeated demands for settlement within the policy limits in this matter. Specifically, settlement demands were presented to Travelers in writing on February 25, 2004, July 22, 2005 and finally, on August 23, 2006. Despite these repeated demands for settlement within the policy limits, Travelers never responded.

13. The only response ever received from Travelers, despite all of the written demands, was on February 27, 2004 in correspondence from the Travelers adjuster, Caren Gattinella, asserting that Travelers could make no offer to settle the DeMarco claim because there were multiple claimants involved in the loss including Paul Woscyna (herinafter "Woscyna").

14. Travelers, during the pendency of the Litigation never extended an offer of settlement. Due to the fact that Travelers refused to make an offer of settlement, DeMarco moved to accelerate his case on the trial calendar in Superior Court on the grounds that the amount in controversy clearly exceeded $100,000.

15. After DeMarco's lawsuit was filed and served upon the Virginia, Travelers appointed Michael R. DeLuca, Esq. and the law firm, Gidley Sarli & Marusak, LLP ("appointed counsel") to defend Leo H. Doire and Virginia Transportation, Corp., in the Litigation matter as required under the terms and conditions of the policy.

16. In April of 2006, DeMarco requested and received a trial date certain for September 18, 2006 before Mr. Justice Procaccini. Despite the assignment of a date certain on the trial calendar, Travelers remained steadfast in its position and refused to make any offer or attempt to settle the DeMarco claim.

17. Approximately sixty days prior to the trial date certain, on or about July 11, 2006, Travelers, by appointed counsel, provided written notice that it was surrendering

its One Million Dollar policy limit to all interested claimants and that it was up to all claimants involved to determine how to divide the policy limit and, further, that all parties involved would have to agree to a settlement and pro rata distribution of the policy limit and execute releases satisfactory to Travelers before any settlement money would be available to any one claimant. This correspondence was the first time in almost three years since the accident occurred that Travelers even suggested that it would make its policy limits available and ***did not*** constitute an offer of settlement to DeMarco. Travelers warned that it would seek to deposit the One Million Dollar policy into the Registry of the Court if the potential claimants could not reach an agreement amongst themselves on a pro rata distribution of the policy limits.

18. The notice by Travelers as set forth in paragraph 17 above was in no way a good faith attempt by Travelers to resolve the DeMarco claim, or any other claim that may have been pending against its insured Virginia, especially in light of the fact that DeMarco's trial date certain was 60 days away and none of the other potential claimants had filed a lawsuit against Virginia. With the statute of limitations 2 months away, it was impractical, unreasonable and unrealistic for Travelers to place the burden on all claimants to negotiate and settle amongst themselves and the conditional surrender of the policy at this late date and demonstrated Traveler's greater concern for its own assets than protecting the interests of its insured.

19. When the conditional surrender of its policy failed to settle all claims and with knowledge of DeMarco's trial date certain, appointed counsel filed an Interpleader Action ("Interpleader"), on behalf of Travelers Indemnity Company,on August 15, 2006 in the matter entitled *The Travelers Indemnity Company v. Wayne DeMarco, Leesa DeMarco, Braedyn DeMarco, a minor by his Parent and Next Friend Leesa DeMarco and Chayce Demarco, a minor, by his parent and next friend Leesa DeMarco, Paul Woscyna, National Grid USA Service Company, Inc. as successor in interest to the Narragansett Electric Company and John Doe, I through X, Providence County Superior Court, C.A. No.. 06-4266.*

20. In the Interpleader, appointed counsel, while still representing and purportedly defending Virginia, was now representing Travelers and taking a position contrary to the interest of its insured in the Litigation and requesting the Court to allow Travelers to deposit its policy limit into the Court registry. Appointed counsel's conduct in this regard presented a clear conflict of interest and demonstrated appointed counsel's and Travelers' greater concern for the insurance company's assets than in protecting its insured, Virginia.

21. DeMarco, by and through counsel, objected to the Interpleader, arguing that appointed counsel had a conflict of interest in this matter, as well as Travelers, because the DeMarcos made repeated demands for settlement within the policy limits of Virginia's motor vehicle liability policy and specifically notified

Travelers that they had liability to DeMarco above and beyond the policy limit pursuant to the rule established by the Rhode Island Supreme Court in the *Asermely* case. DeMarco argued that appointed counsel's request to deposit the policy limit into the Court Registry was simply an attempt by Travelers to avoid responsibility to DeMarco above and beyond its One Million Dollar policy limit.

22. The Interpleader came on for hearing on the Formal and Special Cause Calendar before Mr. Justice Fortunato on September 5, 2006. Judge Fortunato denied the request of Travelers to deposit the money in the registry of the Court and, further, found that Travelers had a pecuniary interest in depositing the money into the registry of the Court in light of the trial date certain on September 18, 2006 and denied the motion.

23. When appointed counsel's failure to secure an order allowing Travelers to deposit the One Million Dollar policy limits into the Court Registry, appointed counsel continued to represent the interests of Virginia in the Litigation.

24. With one day notice and two weeks before DeMarco's trial date certain, Travelers sought to convene a mediation hearing on September 7, 2006. DeMarco attended the mediation in good faith even though the Litigation was fully ready for trial. Counsel for the two other known claimants were also present at this mediation. This was Travelers first and only attempt, some three (3) years after the date of the accident, to bring the parties together in an effort to settle the various claims.

25. Travelers at no time during the course of that mediation extended an offer of settlement to DeMarco. In the presence of all parties in attendance at the mediation, Travelers specifically and undeniably committed to advance payment to National Grid to satisfy its minor claim for damage to utility poles in the approximate amount $8,000 and dismissed National Grid's counsel from the mediation session with the affirmative promise that its claim would be paid. The mediation concluded and no offer to settle the case was extended to the parties.

26. Incredibly, during the mediation, Travelers continued to pressure Virginia to commit to a contribution of its own assets to increase the pool of settlement money. In light of the fact that the DeMarco claim was destined for trial before a jury in Superior Court, Travelers suggested to Virginia that if Travelers negotiated and paid a settlement of only the Woscyna claim, that Travelers would expect Virginia to execute a release of all claims it had against Travelers, including claims for bad faith. Travelers was aware that not only did it have exposure above and beyond its One Million Dollar policy limit, but that its conduct in representing Virginia may have been in bad faith.

27. The only settlement offer ever made to DeMarco in this matter came on the Friday before DeMarco's trial, Septmeber 15, 2006. At that time, Travelers extended a ***conditional*** offer to DeMarco in the amount of $550,000 to settle his claim however, that settlement offer was specifically contingent on the other

claimant, Woscyna, accepting $450,000 in settlement of his claim. At all times relevant to that conditional settlement offer, it was understood that Travelers would be paying the claim of National Grid regardless of the One Million Dollar policy limit to settle all claims.

28. DeMarco rejected the $550,000 settlement offer and proceeded to trial on the following Monday, September 18, 2006.

29. On the Monday morning of trial, an offer of settlement was extended to DeMarco in the amount of $700,000. In no uncertain terms, it was made clear at this time that Travelers and appointed counsel were requiring that Virginia contribute some of its own assets to resolve the claim.

30. Prior to extending the settlement offer of $700,000, Leo H. Doire, individually and on behalf of Virginia demanded that his appointed counsel instruct Travelers adjuster, Caren Gatinella, to pay the One Million Dollar policy limit to DeMarco to settle the claim and forgo the upcoming trial.

31. Upon information and belief Appointed Counsel did not advance his clients' demand as outlined in paragraph 30, on the contrary, aligned himself with Travelers in taking the position that Travelers could not exhaust its policy in settlement of the DeMarco claim.

32. Virginia was well aware on the first day of trial that if the Travelers One Million Dollar policy limit was exhausted in settlement of the DeMarco claim, consistent with Virginia's demand, that Virginia would be exposed to excess liability and have personal exposure on the Woscyna claim, which was pending in Kent County Superior Court. Nevertheless, Travelers and appointed counsel adamantly refused to offer the One Million Dollar policy limit to settle the case.

33. The DeMarco trial continued before a Providence County jury during the week of September 18 through September 22, 2006. On several occasions during the trial, Virginia specifically demanded that Travelers pay DeMarco the One Million Dollar policy limit to settle the claim. Travelers and appointed counsel steadfastly refused to make the settlement offer consistent with the legitimate demand of the Travelers insured, who at all times was well aware that he could have additional exposure beyond the policy limit on the Woscyna claim.

34. At trial, appointed counsel for Virginia stipulated to liability. Appointed counsel presented no witnesses and no defense to the claims asserted by DeMarco. None of the evidence presented at trial was contradicted in any respect other than by cross examination.

35. Within two hours of receiving the jury instructions and retiring for deliberation, the jury in the DeMarco trial rendered a verdict on September 22, 2006 in favor of DeMarco in the amount of $2,801,937, including statutory interest accrued up to

and including September 22, 2006, with post verdict interest continuing to accrue.

36. Days after the verdict was rendered, Virgina found itself on the brink of bankruptcy as news of the verdict was delivered to its bank, which threatened to freeze all existing lines and call in all demand notes. Without proof of satisfaction of the verdict and resolution of the Woscyna and National Grid claims, Virginia would be forced by its bank to cease operations.

37. Corporate counsel for Virginia, Steven DeLuca of McAdams, Wick, DeLuca & Gemma ("corporate counsel") became involved and was able to prevent the immediate closure of the business while the effort was made to negotiate a resolution of all the pending claims or in the alternative file bankruptcy. Virginia had up to November 20, 2006 to resolve the matter or face bankruptcy.

38. Appointed counsel filed a Motion for a New Trial and argued the same before Judge Procaccini on October 30, 2006 and said motion was denied.

39. Through the efforts of Travelers counsel on the potential bad faith claims, Anthony Zelle, Esq. ("Zelle"), Virginia's counsel requested a stay of the entry of judgment on the verdict under the guise that Travelers wanted to schedule another mediation in an attempt to resolve the DeMarco, Woscyna and National Grid claims. Travelers extra contractual liability attorney was now directing appointed counsel on the strategy for proceeding post verdict.

40. Judge Procaccini granted a 30 day stay of the entry of judgment on the verdict so that the parties could attempt a settlement of the matter.

41. Corporate counsel and counsel for DeMarco entered into negotiations to settle the Demarco verdict/judgment by Virginia executing an assignment under which Virginia would assign all of its rights to DeMarco in exchange for a general release releasing only those claims against Virginia and specifically reserving any and all claims that existed against Travelers.

42. At the same time, corporate counsel for Virginia impressed upon Travelers and Zelle the importance of bringing about a resolution of all claims prior to November 20, 2006 so that Virginia could avoid a bankruptcy and continue it's business. In connection therewith, corporate counsel made demand on Travelers to immediately pay the sum of $500,000 from the One Million Dollar policy limit to settle the Woscyna claim.

43. Travelers refused to make any payment in settlement of the claim unless all claims were to be resolved simultaneously. At this time, Virginia was making the necessary arrangements to personally raise the $500,000 necessary to settle the Woscyna claim prior to the November 20, 2006 deadline or in the alternative file for bankruptcy.

44. Despite the looming threat of bankruptcy and the fact that the DeMarco verdict was already two months old and accruing interest at the statutory rate of approximately $28,000 per month, Travelers had not released any of the One Million Dollar policy limit and had made no effort to settle any of the pending claims.

45. At Travelers suggestion, Virginia, DeMarco and Woscyna attended a mediation session on Friday November 17, 2006. Prior to the mediation, Zelle and Kevin J. Willging, Travelers in-house extra contractual counsel met with Virginia and its corporate counsel. At that initial meeting, Travelers first order of business was to demand that Virginia immediately use its own money to settle the National Grid claim. Travelers made it clear that under no circumstances would they pay any more than the One Million Dollar policy limit.

46. At the mediation, Woscyna agreed to accept $450,000 in full and final settlement of his claims against Virginia and Travelers. DeMarco negotiated a resolution with Virginia and its corporate counsel that in exchange for an assignment of all of Virginia's rights against Travelers, DeMarco would execute a release in favor of Virginia in order that Virginia could avoid having to file bankruptcy. Travelers committed to make a gratuitous payment of the remaining policy limit of $550,000 to DeMarco without receiving any release for itself from DeMarco or from Virginia. Virginia negotiated a settlement with National Grid and immediately paid its own money to settle the same on November 17, 2006.

***<u>COUNT I – RIGL 9-30-2-DECLATORY JUDGMENT ON TRAVELERS' OBLIGATION TO PAY THE JUDGMENT IN EXCESS OF IT POLICY LIMITS</u>***

47. Plaintiffs hereby reallege and reiterate all paragraphs above 1 through 40.

48. Pursuant to the Rhode Island Supreme Court's decision in *Asermely*, DeMarco, as assignee of Leo H. Doire and Virginia Transportation Corp., is hereby entitled to make demand upon Travelers to pay the verdict/judgment amount in the Litigation, plus all accrued interest, above and beyond the One Million Dollar policy limits

WHEREFORE, Plaintiffs demand that this Court render a declaratory judgment ordering Travelers to pay the entire verdict/judgment amount, plus all accrued interest, reasonable attorney's fees and costs incurred in connection with the pursuit of this matter.

***<u>COUNT II –DECLARATORY JUDGMENT ON TRAVELERS' OBLIGATION TO PAY PREJUDGMENT AND POST JUDGMENT INTEREST ABOVE AND BEYOND ITS POLICY LIMITS</u>***

49. Plaintiffs hereby reallege and reiterate all the paragraphs above.

50. Pursuant to R.I.G.L §27-7-2.2, Plaintiffs made a written demand for settlement

within the policy limits and Travelers made no offer to settle the claim within a reasonable time. As such, Travelers is responsible for all pre-judgment and post-judgment interest accruing on the verdict/judgment in the Litigation and continuing to accrue in the instant litigation.

WHEREFORE, Plaintiffs demand judgment of this Court granting them a Declaratory Judgment requiring Defendant to pay interest on the entire award.

***<u>COUNT III – BREACH OF CONTRACT AGAINST TRAVELERS</u>***

51. Plaintiffs hereby reallege and reiterate all the paragraphs above.

52. Travelers conduct as set forth in this Complaint constitutes a material breach of its obligations pursuant to its insurance contract with Virginia. As a direct and proximate cause of said breach Plaintiffs have been damaged.

WHEREFORE, Plaintiffs demand judgment in an amount to satisfy the jurisdictional limits of this Court, together with interest, costs and reasonable attorney fees.

***<u>COUNT IV –R.I.G.L. 9-1-33- BAD FAITH AGAINST TRAVELERS</u>***

53. Plaintiffs hereby reallege and reiterate all the paragraphs above.

54. Travelers conduct as alleged in this Complaint constitutes bad faith and a breach of its fiduciary duty to its insured.

55. There was no reasonable basis in Travelers denying payment under the Policy.

56. Travelers acted with malice, wantonness or willfulness and its conduct as alleged in this Complaint shocks the conscious of a reasonable person and, therefore, DeMarco is entitled to an award of punitive damages in such measure and as the same may be required to punish Travelers.

57. That as a direct and proximate result of Travelers conduct Plaintiff was damaged. Plaintiff is entitled to all damages including but not limited to economic damages and emotional distress.

WHEREFORE, Plaintiffs demand judgment in an amount to satisfy the jurisdictional limits of this Court, together with interest, costs and reasonable attorney fees, as well as an award of punitive damages.

***COUNT V – THIRD PARTY RIGHT TO DEMAND PAYMENT OF THE VERDICT/JUDGMENT ABOVE AND BEYOND TRAVELERS POLICY LIMIT***

58. Plaintiffs hereby reallege and reiterate all the paragraphs above.

59. Given the conduct of Travelers as alleged in this Complaint, the DeMarcos, individually and separate and apart from their legal status as Assignee of Virgina, are entitled to require that Travelers pay the verdict/judgment above and beyond the policy limit.

WHEREFORE, Plaintiffs demand judgment in an amount to satisfy the jurisdictional limits of this Court, together with interest, costs and reasonable attorney fees, as well as an award of punitive damages.

***COUNT VI– LEGAL MALPRACTICE AGAINST MICHEAL R. DeLUCA AND THE LAW FIRM GIDLEY, SARLI & MARUSAK, LLP.***

60. Plaintiffs hereby reallege and reiterate all the paragraphs above.

61. The conduct of Michael R. DeLuca individually and as a partner in the law firm of Gidley, Sarli & Marusak, LLP as appointed counsel for Virginia constitutes a conflict of interest and negligence in the representation of Virginia in the Litigation.

62. That the conduct of DeLuca breaches the standard of care that other counsel would give in the same or similar circumstances.

63. As a direct result of said breach, conflict of interest and negligent representation, Virginia was damaged.

WHEREFORE, Plaintiffs demand judgment against Michael R. DeLuca individually and as a partner in the law firm of Gidley, Sarli & Marusak, LLP in an amount to satisfy the jurisdictional limits of this Court, together with interest, costs and reasonable attorney fees.

Plaintiffs,
By Their Attorneys:

***D'AMICO & BURCHFIELD, LLP***

Robert A. D'Amico, II, Esq. #4593
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, Rhode Island 02909
(401) 454-1212
(401) 454-1233 – fax

Date 11/22/06

***PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES RAISED IN THIS CASE THAT ARE SO TRIABLE***

# EXHIBIT B

**GENERAL RELEASE**

KNOW ALL MEN, THAT WE, WAYNE DEMARCO, LEESA DEMARCO, BRAEDYN DEMARCO and CHAYCE DEMARCO (collectively, the "Releasors"), in consideration of the sum of **$550,000.00 (Five Hundred Fifty Thousand 00/100) Dollars** to be paid by Travelers Insurance Company of America, and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, do hereby remise, release, and forever quit-claim unto said LEO H. DOIRE and VIRGINIA TRANSPORTATION CORP., a Rhode Island corporation, their successors and assigns (collectively, the "Releasees"), any and all manners of action, causes of action, debts, dues, claims and demands, both in law and equity which against said Releasees said Releasors ever had, now have, or in the future may have for or by reason or means of any matter or thing from the beginning of the world to the day of the date of these presents including, without limitation, any and all loss, damage or claim arising out of the subject matter of the litigation brought by the Releasors against Releasees in the Providence County Superior Court being Civil Action No. 04-1171 (the "Litigation"), and any verdict or judgment entered in the Litigation.

This General Release shall not in any way be construed, nor is it intended, to release Travelers Insurance Company of America, Travelers Indemnity Company, Travelers St. Paul, Travelers Insurance Company, or any of its affiliates (collectively, "Travelers") from any and all claims that Releasors may have against Travelers in any way arising from the Litigation or any aspect thereof. The same are specifically reserved by Releasors.

THIS GENERAL RELEASE shall be deemed to be made under and shall be governed by and construed and enforced in accordance with the laws of the State of Rhode Island, without reference to conflict of law rules.

WITNESS:

_______________________ _______________________
WAYNE DEMARCO, Individually

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Wayne DeMarco, to me known and known by me to be the person executing the foregoing instrument, and he acknowledged said instrument by him executed to be his free act and deed.

_______________________
Notary Public
Print Name: Steven DeLuca
My Commission Expires: 7/8/9

WITNESS:

_______________________ _______________________
LEESA DEMARCO, Individually

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Leesa DeMarco, to me known and known by me to be the person executing the foregoing instrument, and she acknowledged said instrument by her executed to be her free act and deed.

_______________________
Notary Public
Print Name: Steven DeLuca
My Commission Expires: 7/8/9

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE TRAVELERS INDEMNITY COMPANY,

Plaintiff,

v.

VIRGINIA TRANSPORTATION CORPORATION, LEO H. DOIRE, WAYNE DEMARCO, PAUL D. WOSCYNA, and NATIONAL GRID USA SERVICE COMPANY, INC.,

Defendants.

Civil Action No. CA 06 488

COMPLAINT

The Travelers Indemnity Company (hereinafter, "Travelers") brings this declaratory judgment action to obtain an adjudication of its rights and obligations under a liability insurance policy issued to Virginia Transportation Corporation (hereinafter, "Virginia Transportation").

Parties

1. Travelers is a corporation organized and existing under the laws of Connecticut and having its principal place of business in Hartford, Connecticut.

2. Virginia Transportation is a corporation organized and existing under the laws of Rhode Island and having a principal place business at 1600 Flat River Road, Coventry, Rhode Island.

3. Leo H. Doire (hereinafter, "Doire") is a citizen of Rhode Island and a resident of the Town of Coventry, Rhode Island.

4. Wayne DeMarco (hereinafter, "DeMarco") is a citizen of Rhode Island and a resident of the Town of Scituate, Rhode Island.

5. Paul D. Woscyna (hereinafter, "Woscyna") is a citizen of New Hampshire and a resident of the Town of Derry, New Hampshire.

6. National Grid USA Service Company, Inc., formerly known as Niagara Mohawk Power Corporation (hereinafter, "National Grid"), is a corporation organized and existing under the laws of New York with a principal place of business in Albany, New York.

**Facts**

7. Travelers issued a liability insurance policy to Virginia Transportation which was in effect on September 10, 2003 ("the Policy").

8. The Policy had a combined single limit of $1,000,000 for bodily injury and property damage claims.

9. Doire is, and at all relevant times was, the owner and president of Virginia Transportation.

10. On September 10, 2003, Doire was driving a motor vehicle owned by Virginia Transportation in which DeMarco and Woscyna were passengers. The vehicle was involved in a collision that caused serious injuries to Demarco and Woscyna. There were also three other passengers in the car who were injured less seriously.

11. On or about September 16, 2003, Virginia Transportation notified Travelers of the collision and the injuries to the five passengers.

12. On or about February 25, 2004, DeMarco filed a lawsuit in the Rhode Island Superior Court (Providence County) against Virginia Transportation and Doire seeking damages for the injuries he sustained as a result of the collision. In this lawsuit, DeMarco's wife and children asserted claims for loss of consortium, companionship, and society.

13. On or about August 24, 2006, Woscyna filed a lawsuit in the Rhode Island Superior Court (Kent County) against Virginia Transportation and Doire, seeking damages for the injuries that he sustained as a result of the collision.

14. To date, none of the other passengers of the vehicle driven by Doire has asserted a claim or filed a lawsuit against Virginia Transportation or Doire.

15. However, on or about September 8, 2006, National Grid filed a lawsuit in the Rhode Island Superior Court (Kent County) against Virginia Transportation, seeking recovery for damage to its property caused by the collision.

16. Travelers offered its policy limit of $1,000,000 to settle the claims by DeMarco and Woscyna.

17. Woscyna offered to settle his claim for $450,000.

18. DeMarco never offered to settle for less than the full Policy limit.

19. On or about August 16, 2006, Travelers filed an Interpleader Complaint in the Rhode Island Superior Court (Providence County) by which it sought to resolve the competing claims of DeMarco, Woscyna, and National Grid.

20. In or about August, 2006, Travelers filed a motion in the Interpleader action by which it sought to deposit in court the $1,000,000 limit of the Policy, while it continued to provide a defense to Virginia Transport and Doire against the claims by DeMarco, Woscyna, and National Grid. Without a written opinion, the Superior Court denied Travelers' motion, which was opposed by DeMarco.

21. DeMarco tried his case to a jury, and on or about September 22, 2006, was awarded $2,801,937.

22. DeMarco contends that he is entitled to recover from Travelers sums in excess of the Policy limit.

23. Virginia Transportation and Doire contend that Travelers is obligated to indemnify them against sums in excess of the Policy limit.

24. Travelers' obligation to defend and indemnify Virginia Transportation and Doire against the claims by DeMarco, Woscyna, and National Grid is limited by the terms and conditions of the Policy, including the Policy limit.

25. The Policy expressly states: "The most we will pay for any one accident or loss [is] $1,000,000."

26. The Policy expressly states: "Our duty to defend or settle [any claim or suit] ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements."

27. The Policy expressly states that Travelers will pay: "[a]ll interest on the full amount of any judgment that accrues after entry of the judgment in any 'suit' we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance."

## COUNT I – DECLARATORY RELIEF

28. Travelers restates the allegations set forth in paragraphs 1-27 above and incorporates them by reference as though fully set forth herein.

29. A justiciable controversy exists between Travelers and the Defendants as to the rights and obligations of Travelers under the Policy.

30. Travelers is entitled to the following declarations:

A. Travelers duty to defend or settle the claims against Virginia Transportation and Doire ends when its Policy Limit of $1,000,000 has been exhausted by payment of judgments or settlement.

B. Travelers is entitled to exhaust its policy limit by paying $1,000,000 to DeMarco in partial payment of the judgment DeMarco has obtained against Doire and Virginia Transportation.

C. Prior to the entry of the judgment, Travelers was not required to pay the Policy limit of $1,000,000 to DeMarco, where that payment would have left Virginia Transportation and Doire uninsured against the claims by Woscyna and National Grid.

D. Travelers is not required to make any payment to Woscyna, absent a judgment in favor of Woscyna, where such a payment would reduce the sums available to pay the judgment obtained by DeMarco.

E. Travelers is not required to make any payment to National Grid, absent a judgment is favor of National Grid, where such a payment would reduce the sums available to pay the judgment obtained by DeMarco.

F. Travelers has no obligation to pay any interest that has accrued after the entry of the judgment in the DeMarco suit, where prior to the trial of that action, Travelers filed a motion to deposit in court the $1,000,000 limit of the Policy.

G. Travelers is not required to pay any sums to DeMarco, Woscyna, or National Grid in excess of the Policy's stated limit of $1,000,000.

H. Travelers is not required to indemnify or to pay Virginia Transportation or Doire for any amount in excess of the Policy's stated $1,000,000 limit.

**WHEREFORE,** Travelers respectfully requests this Court to enter the judicial declarations set forth in paragraph 30 (A-H) above and to enter such other relief as it deems appropriate and just.

**TRAVELERS DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**THE TRAVELERS INDEMNITY COMPANY,**

By its attorneys,

Stephen P. Harten, Esq./#4102
**Ratcliffe Burke Harten & Elias, LLP**
1600 Financial Plaza
Providence, RI 02903
(401) 331-3400
(401) 331-3440 (fax)

Anthony R. Zelle, Esq. BBO No. 548141
Brian P. McDonough, Esq. BBO No. 637999
**Zelle McDonough LLP**
Four Longfellow Place, 35th Floor
Boston, MA 02114
(617) 742-6520
(617) 973-1562 (fax)

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VIRGINIA TRANSPORTATION CORPORATION, LEO H. DOIRE, JR., and WAYNE DEMARCO,<br><br>Defendants. | Civil Action No.: 06-488 |

## AMENDED COMPLAINT

The Travelers Indemnity Company (hereinafter, "Travelers") brings this declaratory judgment action to obtain an adjudication of its rights and obligations under a liability insurance policy issued to Virginia Transportation Corporation (hereinafter, "Virginia Transportation").

### Parties

1. Travelers is a corporation organized and existing under the laws of Connecticut and having its principal place of business in Hartford, Connecticut

2. Virginia Transportation is a corporation organized and existing under the laws of Rhode Island and having a principal place business at 1600 Flat River Road, Coventry, Rhode Island

3. Leo H. Doire, Jr. (hereinafter, "Doire") is a citizen of Rhode Island and a resident of the Town of Coventry, Rhode Island

4. Wayne DeMarco (hereinafter, "DeMarco") is a citizen of Rhode Island and a resident of the Town of Scituate, Rhode Island

## Facts

5. Travelers issued a liability insurance policy to Virginia Transportation which was in effect on September 10, 2003 ("the Policy")

6. The Policy had a combined single limit of $1,000,000 for bodily injury and property damage claims.

7. Doire is, and at all relevant times was, the owner and president of Virginia Transportation.

8. On September 10, 2003, Doire was driving a motor vehicle owned by Virginia Transportation in which DeMarco, Paul D. Woscyna ("Woscyna") and three other individuals were passengers.

9. The vehicle driven by Mr. Doire collided with a utility pole owned National Grid USA Service Company, Inc. ("National Grid") causing serious injuries to Demarco and Woscyna and damaging the property of National Grid

10. On or about September 23, 2003, counsel for Virginia Transportation and Doire, Jeffrey Pine, advised Travelers of the collision and the injuries to the passengers.

11. By letter dated February 3, 2004, Travelers informed Virginia Transportation, Doire, and their attorney, Jeffrey Pine, that the Travelers insurance policy has a "$1 million combined single limit. The injuries sustained by Mr. DeMarco and other passengers are significant and may exceed the noted single liability limit . . . you are invited to retain legal counsel to advise you with respect to your possible exposure in excess of the limit of the policy. The retention of such counsel will be at your own expense"

12. DeMarco and Woscyna and National Grid each filed lawsuits against Doire and Virginia Transportation seeking compensation for the injuries and damage caused by the collision.

13. DeMarco filed a lawsuit against Virginia Transportation and Doire on or about February 25, 2004, in the Rhode Island Superior Court, Providence County, which was assigned Civil Action No 04-1171 seeking damages for the injuries he sustained as a result of the collision. In this lawsuit, DeMarco's wife and children asserted claims for loss of consortium, companionship, and society.

14. By letter dated March 9, 2004, after receiving a copy of the complaint filed by DeMarco, Travelers again informed Virginia Transportation, Doire, and their attorney, Jeffrey Pine, that the Travelers insurance policy has a "$1 million combined single limit The injuries sustained by Mr. DeMarco and other passengers are significant and may exceed the noted single liability limit . you are invited to retain legal counsel to advise you with respect to your possible exposure in excess of the limit of the policy. The retention of such counsel will be at your own expense."

15. Woscyna filed a lawsuit on or about August 24, 2006, in the Rhode Island Superior Court (Kent County) against Virginia Transportation and Doire, seeking damages for the injuries that he sustained as a result of the collision. In this lawsuit, Woscyna's wife and child asserted claims for loss of consortium, companionship, and society.

16. On or about September 8, 2006, National Grid filed a lawsuit in the Rhode Island Superior Court (Kent County) against Virginia Transportation, seeking recovery for damage to its property caused by the collision.

17. To date, none of the other passengers of the vehicle driven by Doire which collided with a utility pole on September 10, 2003 has asserted a claim or filed a lawsuit against Virginia Transportation or Doire.

18. On January 28, 2005, Woscyna's attorney, Hector Zumbado, submitted a written settlement demand for $829,747.00 to Travelers.

19. On February 7, 2005, DeMarco's attorney, Jessica Basso, wrote to counsel retained by Travelers to defend the claim against Doire and Virginia Transportation stating:

> Please be advised that Attorney Hector Zumbado, attorney for the other injured person in the subject motor vehicle accident, has submitted a settlement demand totaling $829,747.00
>
> As you know, the subject liability policy has a $1,000,000 limit. Would you kindly advise the adjuster that Mr. DeMarco is not done treating, that Mr. DeMarco's medical bills are five (5) times the amount of Mr. Woscyna's medical bills, and that Mr. DeMarco's scarring covers multiple parts of his body. That being said, I suspect that Mr. Woscyna's claim will not be resolved until Mr. DeMarco's claim is ready to be resolved.

20. By letter dated April 12, 2006 Travelers again informed Virginia Transportation, Doire, and their attorney, Jeffrey Pine, that the Travelers insurance policy has a "$1 million combined single limit. The injuries sustained by Mr. DeMarco and Mr. Woscyna, among other passengers, are significant and may exceed the noted single liability limit. . . you are invited to retain legal counsel to advise you with respect to your possible exposure in excess of the limit of the policy. The retention of such counsel will be at your own expense."

21. After DeMarco's counsel indicated that DeMarco's claim was ready to be resolved, Travelers offered its policy limit of $1,000,000 to settle the claims by DeMarco and Woscyna and National Grid.

22. DeMarco never offered to settle for less than the full $1,000,000 Policy limit.

23. Following mediation of the DeMarco, Woscyna and National Grid claims, which did not lead to a settlement, Travelers wrote to counsel for Woscyna and DeMarco, who at this time was Mark Dana, stating:

> At this time we propose a pro-rata settlement to Mssrs.Demarco and Woscyna in exchange for a complete release from both claimants Our proposal for a pro-rata settlement follows:
>
> | | |
> |---|---|
> | Wayne DeMarco: | $550,000 |
> | Paul Woscyna: | $450,000 |

24. Woscyna agreed to the settlement proposed by Travelers referred to in Paragraph 23.

25. DeMarco did not respond to the settlement offer referred to in Paragraph 23.

26 On September 18, 2006, the first day of the trial of the DeMarco case, Doire offered to personally contribute $150,000 to a settlement of the DeMarco claims and an offer of $700,000 was extended. DeMarco did not accept the offer.

27 DeMarco tried his case to a jury, and on or about September 22, 2006, was awarded $2,801,937.

28. Prior to the trial of the DeMarco case, on or about August 16, 2006, Travelers filed an Interpleader Complaint in the Rhode Island Superior Court (Providence County) by which it sought to resolve the competing claims of DeMarco, Woscyna, and National Grid.

29 In or about August, 2006, Travelers filed a motion in the Interpleader action by which it sought to deposit in court the $1,000,000 limit of the Policy, while it continued to provide a defense to Virginia Transportation and Doire against the claims by DeMarco, Woscyna, and National Grid.

30. DeMarco filed an opposition to Travelers motion in the Interpleader action by which it sought to deposit in court the $1,000,000 limit of the Policy.

31. Without a written opinion, the Superior Court denied Travelers' motion, which was opposed by DeMarco

32 On November 17, 2006, DeMarco, Woscyna and National Grid agreed to settle their claims against Virginia Transport and Doire.

33. Attached as Exhibit A to this Amended Complaint is a "General Release," drafted by counsel for DeMarco, which states:

> "WAYNE DEMARCO, LEESA DEMARCO, BRAEDYN DEMARCO and CHAYCE DEMARCO . . ., in consideration of the sum of $550,000 (Five Hundred Fifty Thousand 00/100) Dollars to be paid by Travelers Indemnity Company of America . . . do hereby remise, release and forever quit-claim unto said LEO H. DOIRE and VIRGINIA TRANSPORTATION CORP. . . . any and all manners of action, causes of action, debts, dues, claims and demands, both in law and equity which against said Releasees said Releasors ever had, now have or in the future may have . . including without limitation, any and all loss, damage or claim arising out of the subject matter of the litigation brought by the Releasors against the Releasees in the Providence County Superior Court being Civil Action No 04-1171 (the "Litigation") and any verdict or judgment entered in the Litigation

34. Attached as Exhibit B to this Amended Complaint is a "Release and Settlement of Claim" by which Paul D Woscyna, Dorothy M Woscyna and Kristen R Woscyna released Virginia Transportation and Leo H. Doire from any claims and liability arising out of the September 10, 2003 accident in consideration for a payment of $450,000 by Travelers.

35 Attached as Exhibit C to this Amended Complaint is a "Dismissal Stipulation" by which National Grid dismissed its claims against Virginia Transportation and Leo H. Doire arising out of the September 10, 2003 accident.

36. Doire agreed to pay the amount of consideration to settle the claim asserted by National Grid

37 DeMarco contends that he is entitled to recover additional sums from Travelers, despite the General Release he, his wife and his children provided to Virginia Transportation and Doire.

38 On information and belief, Virginia Transportation and/or Doire contend that they are entitled to recover sums from Travelers because they were financially exposed to liability for sums in excess of the Travelers policy limit.

39 On information and belief, Virginia Transportation and/or Doire assigned to DeMarco certain claims based on the manner in which Travelers defended and settled DeMarco's claims for injuries suffered as a result of the September 10, 2003 accident.

40 Travelers' obligation to defend and indemnify Virginia Transportation and Doire against the claims by DeMarco, Woscyna, and National Grid is limited by the terms and conditions of the Policy, including the Policy limit

41 The Policy expressly states: "The most we will pay for any one accident or loss [is] $1,000,000."

42. The Policy expressly states: "Our duty to defend or settle [any claim or suit] ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements."

43. Travelers has exhausted the limit of the policy issued to Virginia Transportation by its payment of $1,000,000 to settle the DeMarco and Woscyna claims.

**COUNT I – DECLARATORY RELIEF**

44. Travelers restates the allegations set forth in paragraphs 1-43 above and incorporates them by reference as though fully set forth herein

45 A justiciable controversy exists between Travelers and the Defendants as to the rights and obligations of Travelers under the Policy.

46. Travelers is entitled to the following declarations:

A. Travelers fully satisfied its contractual duties to Virginia Transportation and Doire under the insurance Policy.

B. Travelers was not required to pay the Policy limit of $1,000,000 to DeMarco, where that payment would have left Virginia Transportation and Doire uninsured against the claims by Woscyna and National Grid

C. Travelers was not required to pay any sums to DeMarco, Woscyna, or National Grid in excess of the Policy's stated limit of $1,000,000

D. Travelers is not required to indemnify or to pay Virginia Transportation or Doire for any sums he has agreed or may agree to pay DeMarco in connection with for an assignment based on

**WHEREFORE**, Travelers respectfully requests this Court to enter the judicial declarations set forth in paragraph 30 (A-D) above and to enter such other relief as it deems appropriate and just

**TRAVELERS DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**THE TRAVELERS INDEMNITY COMPANY,**

By its attorneys,

Stephen J. Harten, R.I Bar I.D No. 4102
**Ratcliffe Burke Harten & Elias LLP**
1600 Financial Plaza
Providence, RI 02903
401-331-3400
Fax: 401-331-3440

Anthony R. Zelle, BBO No. 548141
Brian P. McDonough, BBO No. 637999
**ZELLE MCDONOUGH LLP**
Four Longfellow Place, 35th Floor

Boston, MA 02114
Tel: (617) 742-6520
Fax: (617) 973-1562

# EXHIBIT A

## GENERAL RELEASE

KNOW ALL MEN, THAT WE, WAYNE DEMARCO, LEESA DEMARCO, BRAEDYN DEMARCO and CHAYCE DEMARCO (collectively, the "Releasors"), in consideration of the sum of $550,000.00 (Five Hundred Fifty Thousand 00/100) Dollars to be paid by Travelers Insurance Company of America, and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, do hereby remise, release, and forever quit-claim unto said LEO H. DOIRE and VIRGINIA TRANSPORTATION CORP., a Rhode Island corporation, their successors and assigns (collectively, the "Releasees"), any and all manners of action, causes of action, debts, dues, claims and demands, both in law and equity which against said Releasees said Releasors ever had, now have, or in the future may have for or by reason or means of any matter or thing from the beginning of the world to the day of the date of these presents including, without limitation, any and all loss, damage or claim arising out of the subject matter of the litigation brought by the Releasors against Releasees in the Providence County Superior Court being Civil Action No. 04-1171 (the "Litigation"), and any verdict or judgment entered in the Litigation.

This General Release shall not in any way be construed, nor is it intended, to release Travelers Insurance Company of America, Travelers Indemnity Company, Travelers St. Paul, Travelers Insurance Company, or any of its affiliates (collectively, "Travelers") from any and all claims that Releasors may have against Travelers in any way arising from the Litigation or any aspect thereof. The same are specifically reserved by Releasors.

THIS GENERAL RELEASE shall be deemed to be made under and shall be governed by and construed and enforced in accordance with the laws of the State of Rhode Island, without reference to conflict of law rules.

WITNESS:

WAYNE DEMARCO, Individually

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Wayne DeMarco, to me known and known by me to be the person executing the foregoing instrument, and he acknowledged said instrument by him executed to be his free act and deed.

Notary Public
Print Name: Steven DeLuca
My Commission Expires: 7/8/9

WITNESS:

LEESA DEMARCO, Individually

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Leesa DeMarco, to me known and known by me to be the person executing the foregoing instrument, and she acknowledged said instrument by her executed to be her free act and deed.

Notary Public
Print Name: Steven DeLuca
My Commission Expires: 7/8/9

WITNESS:

WAYNE DEMARCO and
LESSA DEMARCO, as husband and wife

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Wayne DeMarco and Lessa DeMarco, as husband and wife, executing the foregoing instrument, and they acknowledged said instrument by them executed to be their free act and deed.

Notary Public
Print Name: Steven DeLuca
My Commission Expires: 7/8/9

WITNESS:

WAYNE DEMARCO, as father and next-friend of BRAEDYN DEMARCO

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Wayne DeMarco, as father and next-friend of Braedyn DeMarco, to me known and known by me to be the person executing the foregoing instrument, and he acknowledged said instrument by him executed to be his free act and deed in said capacity.

Notary Public
Print Name: Steven DeLuca
My Commission Expires: 7/8/9

WITNESS:

LEESA DEMARCO, as mother and next-friend of BRAEDYN DEMARCO

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Leesa DeMarco, as mother and next-friend of Braedyn DeMarco, to me known and known by me to be the person executing the foregoing instrument, and she acknowledged said instrument by her executed to be her free act and deed in said capacity.

Notary Public
Print Name: Steven DeLuca
My Commission Expires: 7/8/13

WITNESS:

WAYNE DEMARCO, as father and next-friend of CHAYCE DEMARCO

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Wayne DeMarco, as father and next-friend of Chayce DeMarco, to me known and known by me to be the person executing the foregoing instrument and he acknowledged said instrument by him executed to be his free act and deed in said capacity.

Notary Public
Print Name: Steven DeLuca
My Commission Expires: 7/8/13

WITNESS:

LEESA DEMARCO, as mother and next-friend of CHAYCE DEMARCO

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Leesa DeMarco, as mother and next-friend of Chayce DeMarco, to me known and known by me to be the person executing the foregoing instrument, and she acknowledged said instrument by her executed to be her free act and deed in said capacity.

Notary Public
Print Name: Steven DeLuca
My Commission Expires: 7/6/09

G:\Virginia Transportation, Inc\Litigation Matter\Documents\General Release (DeMarco) 111706.doc

# EXHIBIT B

**RELEASE AND SETTLEMENT OF CLAIM**

***For The Sole Consideration*** of Four Hundred Fifty Thousand and 00/100 ($450,000.00) Dollars, in hand paid, and allocated as follows:

i. Three Hundred Eighty-Five Thousand and 00/100 ($385,000.00) Dollars to Paul D. Woscyna;

ii. Fifty Thousand and 00/100 ($50,000.00) Dollars to Dorothy M. Woscyna; and

iii. Fifteen Thousand and 00/100 ($15,000.00) Dollars to Kristen R. Woscyna, a minor;

the receipt of which is hereby acknowledged, we PAUL D. WOSCYNA, DOROTHY M WOSCYNA, being over 21 years of age, and KRISTEN R. WOSCYNA, a minor (collectively, the "Releasors"), do hereby release and forever discharge LEO H. DOIRE, VIRGINIA TRANSPORTATION CORP., a Rhode Island corporation, and TRAVELERS INDEMNITY COMPANY OF AMERICA (collectively, the "Releasees"), and all other persons, firms or corporations from any and all claims, demands, rights, actions or causes of action on account of or in any way growing out of any and all claims, loss, damage or injury of any kind including, but not limited to, personal injuries (and consequences thereof, including death, and specifically including, also, any injuries which may exist, but which at this time are unknown and unanticipated and which may develop at some time in the future, and all unforeseen development arising from known injuries) resulting or to result from an accident that occurred on or about September 10, 2003, in Cranston, Rhode Island and as claimed in a civil action entitled *Paul D. Woscyna, et al vs. Leo H. Doire, Jr. and Virginia Transportation Corporation*, filed in the State of Rhode Island Superior Court, Kent County, C.A. No 06-0769, and do hereby

for myself, my heirs, executors, administrators, successors, assigns and next of kin covenant to indemnify and save harmless the said above-named Releasees and said persons, firms or corporations above-referred to, from all claims, demands, costs, and loss of services, expenses, and compensation on account of or in any way growing out of said accidents or its results both to person and property.

*It is expressly understood and agreed that* the acceptance of the said above amount is in full accord and satisfaction of a disputed claim, and that the payment of the said above amount is not an admission of liability.

We acknowledge and agree that out of the proceeds of this settlement we shall be fully and solely responsible for any and all medical bills, attorney's fees and other claims or liens, noticed or unnoticed, arising out of services rendered to us or sustained by us and their consequent effect resulting from this incident that we shall forever hold harmless said Releasees with respect to any such liens or claims.

*In Witness Whereof,* we have hereunto set our hands this 17th day of November, 2006.

WITNESS:

Hector E. Zumbado, Esq.
Attorney for Paul D. Woscyna, Individually and as father and next-friend of Kristen R Woscyna; and as
Attorney for Dorothy M. Woscyna, Individually and as mother and next-friend of Kristen R. Woscyna

[NOTARY CLAUSE ON NEXT PAGE]

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Hector E. Zumbado, as Attorney for Paul D. Woscyna, Individually and as father and next-friend of Kristen R. Woscyna; and as Attorney for Dorothy M. Woscyna, Individually and as mother and next-friend of Kristen R. Woscyna, to me known and known by me to be the person executing the foregoing instrument, and he acknowledged said instrument by him executed to be his free act and deed in said capacity.

Notary Public
Print Name: Steven Deloe
My Commission Expires: 3/1/?

C:\Virginia Transportation, Inc\Litigation Matter\Documents\General Release (Woscyna) 111706 (Atty).doc

# EXHIBIT C

STATE OF RHODE ISLAND
KENT COUNTY

THIRD DIVISION
DISTRICT COURT

NATIONAL GRID

VS. : C. A. No. 06-1988

VIRGINIA TRANSPORTATION
CORPORATION

**Dismissal Stipulation**

Now come the above parties and hereby agree that the above-entitled matter be dismissed with prejudice.

National Grid

By its attorney,

Attorney Judy Assad
Bar # ________

Virginia Transportation Corporation,

By its attorneys

Steven P. DeLuca, Esq.
#4114

O:\Virginia Transportation, Inc\Litigation Matter\Documents\Dismissal Stipulation 11.7.06 ...

# EXHIBIT E

RBHE
Ratcliffe Burke Harten & Elias LLP
ATTORNEYS AT LAW

E-mail: sharten@rbhelaw.com
Direct Dial: 490-4652

November 21, 2006

Mark W. Dana, Esq.
D'Amico Burchfield LLP
536 Atwells Avenue
Providence, RI 02909

**Re:** ***The Travelers Indemnity Company v. Virginia Transportation Corporation, Leo H. Doire, Wayne DeMarco, Paul D. Woscyna, and National Grid USA Service Company, Inc.***
***USDC C.A. No. 06-00488-S-LDA***

Dear Mr. Dana:

Enclosed please find a courtesy copy of The Travelers Indemnity Company's Amended Complaint, which has been filed today in United States District Court for the District of Rhode Island. We have also attached a copy of the original complaint.

Pursuant to Local Rule 26(a), I would like to arrange for a conference to discuss a discovery schedule. Please contact me with dates and times that you are available next week for such a conference. I will coordinate with Tony Zelle, who will be working with me on this matter.

I look forward to hearing from you.

Very truly yours,

Stephen P. Harten

SPH:kmp
Enclosures