STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

WAYNE DEMARCO and LEESA DEMARCO
Individually, as parents and legal guardians of
Chayce DeMarco, a minor and Brayden DeMarco,
A minor, and as Assignees of LEO H. DOIRE and
VIRGINIA TRANSPORTATION CORP.

v.

C.A. NO: 06-6103

TRAVELERS INSURANCE COMPANY,
MICHAEL R. DE LUCA, ESQ. AND GIDLEY,
SARLI & MARUSAK, LLP

**ANSWER OF MICHAEL R. DE LUCA and GIDLEY, SARLI & MARUSAK, LLP**

Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, hereby respond to the Plaintiffs' Complaint and subject to the Notice of Removal by codefendant.

1. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, are without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Complaint and leave Plaintiffs to their proof.

2. The allegations of this paragraph of Plaintiffs' Complaint are addressed to a Defendant or Defendants other than Michael R. De Luca and Gidley, Sarli & Marusak, LLP. Thus, no response is required by Defendants Michael R. De Luca and Gidley, Sarli & Marusak, LLP

4. [sic] Admitted.

5. Admitted.

6. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, are without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Complaint and leave Plaintiffs to their proof.

7. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, are without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Complaint and leave Plaintiffs to their proof.

8. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, admit that a motor vehicle accident involving Leo H. Doire and Wayne DeMarco occurred on September 10,2003 in the City of Cranston which resulted in serious injuries to Wayne DeMarco but are without sufficient knowledge to form a belief as to the truth of the remaining allegations of this paragraph of Plaintiffs' Complaint and leave Plaintiffs to their proof.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2006 DEC 13 P 2:05

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

9. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, are without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Complaint and leave Plaintiffs to their proof.

10. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, are without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Complaint and leave Plaintiffs to their proof.

11. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, are without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Complaint and leave Plaintiffs to their proof.

12. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, admit that written demands dated February 25, 2004, July 22, 2005 and August 23, 2006 were presented to Travelers but deny the remaining allegations of this paragraph of Plaintiffs' Complaint.

13. Denied.

14. Denied.

15. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, admit that they were retained to defend Leo H. Doire and Virginia Transportation Corp. in the lawsuit filed by Plaintiffs but neither admit nor deny the allegation that Travelers Insurance Company was "...required under the terms and conditions of the policy", as such is a legal determination, not an allegation of fact.

16. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, admit that in April of 2006, DeMarco requested a trial date be assigned and the Court assigned a trial date certain of September 18, 2006 and deny the remaining allegations of this paragraph of Plaintiffs' Complaint.

17. Denied.

18. Denied.

19. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, admit that Michael R. De Luca filed an interpleader action on August 15, 2006 captioned as alleged in this Paragraph but deny the remaining allegations of this paragraph of Plaintiffs' Complaint.

20. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, admit that in the interpleader action referenced in the preceding paragraph, Michael R. De Luca, on behalf of Travelers, requested the Court allow Travelers to deposit its policy limit into the registry of the Court and that he was representing Virginia Transportation Corp. at that time in the

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

Litigation, as that term is defined in the Complaint. Defendants deny the remaining allegations of this paragraph of Plaintiffs' Complaint

21. Denied.

22. Denied.

23. Denied.

24. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, admit that on September 7, 2006, a mediation was held in the Litigation, as that term is defined in the Complaint, which was attended by the parties in the Litigation, their legal representatives and counsel for two other claimants, among others. Defendants deny the remaining allegations of this paragraph of Plaintiffs' Complaint.

25. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, deny that no settlement offer was made during the mediation and are without sufficient knowledge to form a belief as to the truth of the remaining allegations of this paragraph of Plaintiffs' Complaint and leave Plaintiffs to their proof.

26. Denied.

27. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, admit that Travelers made a settlement offer of $550,000 to DeMarco on September 15, 2006. Defendants are without sufficient knowledge to form a belief as to the truth of the allegation that it was understood that Travelers would be paying a claim of National Grid and deny the remaining allegations in this paragraph of the Complaint.

28. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, admit that the case proceeded to trial on September 18, 2006 but deny the remaining allegations of this paragraph of the Complaint.

29. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, admit that on the first day of trial a settlement offer of $700,000 was extended to Demarco but deny the remaining allegations of this paragraph of the Complaint.

30. Denied.

31. Denied.

32. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, admit that Travelers offered its One Million Dollar policy limit to settle both the claims of the DeMarcos and Paul Woscyna but did not offer that entire policy limit to the

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

DeMarcos alone. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint.

33. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, admit that trial continued from September 18 through 22, 2006 but deny that Virginia Transportation Corp. ever communicated to them any demand that Travelers pay One Million Dollars to the DeMarcos and therefore, that Michael De Luca ever refused such a demand. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint

34. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, admit that Virginia Transportation Corp. stipulated to liability at trial in the Litigation, as that term is defined in the Complaint, and that Michael De Luca presented no witnesses at that trial. Defendants deny the remaining allegations in this paragraph of the Complaint

35. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, admit that a verdict was rendered in favor of the plaintiffs in the Litigation, as that term is defined in the Complaint, in the amount of $2,801,937, including prejudgment interest accrued up to that point but deny that post judgment interest on that amount continues to accrue. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint

36. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, are without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph of the Complaint.

37. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, are without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph of the Complaint.

38. Admitted.

39. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, admit that counsel for Virginia Transportation Corp. requested a stay of the entry of judgment in the litigation, as that term is defined in the Complaint and are without sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint..

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

40. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, admit that Judge Procaccini granted a thirty (30) day stay of the entry of judgment, up to and including November 30, 2006, and are without sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint..

41. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, are without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Complaint and leave Plaintiffs to their proof.

42. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, are without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Complaint and leave Plaintiffs to their proof.

43. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, are without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Complaint and leave Plaintiffs to their proof.

44. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, are without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Complaint and leave Plaintiffs to their proof.

45. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, are without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Complaint and leave Plaintiffs to their proof.

46. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, are without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Complaint and leave Plaintiffs to their proof.

**COUNT I – COUNT V**

47-59. The allegations contained in these Counts and paragraphs of Plaintiffs' Complaint are addressed to Defendants other than Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP. As such, no answer is required of Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP. To the extent that any of these Counts and paragraphs of Plaintiffs' Complaint can be construed to contain any allegations or claims against Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, all such allegations and claims are denied.

**COUNT VI – LEGAL MALPRACTICE AGAINST MICHAEL R. DE LUCA AND THE LAW FIRM GIDLEY, SARLI & MARUSAK, LLP**

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

60. Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, re-allege and incorporate by reference paragraphs 1-59 above as if fully set forth herein.

61. Denied.

62. Denied.

63. Denied.

WHEREFORE, Defendants, Michael R. De Luca and Gidley, Sarli & Marusak, LLP, demand judgment in their favor , dismissing Plaintiffs' Complaint and awarding Defendants their attorneys fees and costs and such additional relief that this Court deems proper.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint has failed to state a claim upon which relief may be granted.

2. Plaintiffs' damages, if any, were caused by Plaintiffs' own conduct, or the conduct of other parties for whom Defendant Michael R. De Luca and Defendant Gidley, Sarli & Marusak, LLP are not responsible or liable.

3. Plaintiffs' claims have been released and discharged.

4. Plaintiffs' claims are barred by accord and satisfaction.

5. Plaintiffs have failed to mitigate damages.

**DEFENDANTS MICHAEL R. DE LUCA AND GIDLEY, SARLI & MARUSAK, LLP DEMAND TRIAL BY JURY.**

Defendants, Michael R. De Luca and
Gidley, Sarli & Marusak, LLP
By their Attorneys:

Dennis T. Grieco II #5057
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644 (401) 331-9304 fax

Michael R. DeLuca #3663
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644 (401) 331-9304 fax

A True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

**CERTIFICATION**

Robert A. D'Amico, II, Esq.
Mark W. Dana, Esq.
D'Amico & Burchfield, LLP
536 Atwells Avenue
Providence, RI 02909

Stephen P. Harten, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Anthony R. Zelle, Esq.
Brian P. McDonough, Esq.
Zelle McDonough LLP
Four Longfellow Place
35th Floor
Boston, MA 02114

I hereby certify that a true copy of the within was served by mail upon counsel of record, as above, on the 12th day of December, 2006.

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island