UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WAYNE DEMARCO and LEESA DEMARCO, Individually, as parents and legal guardians of Chayce DeMarco, a minor and Brayden Demarco, a minor, and as Assignees of LEO H. DOIRE, and VIRGINIA TRANSPORTATION CORP. | ) | Case No.: 1:06-cv-539 |
| vs. | ) | |
| TRAVELERS INSURANCE COMPANY, MICHAEL R. DELUCA, ESQ., AND GIDLEY, SARLI & MARUSAK, LLP | ) | |

**DEFENDANT TRAVELERS INSURANCE COMPANY'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

**INTRODUCTION**

Defendant The Travelers Indemnity Company of America[1] (hereinafter, "Travelers") respectfully submits this Opposition to Plaintiff's Motion to Remand. As set forth in its Notice of Removal and as explicated further below, this case has been properly removed to this federal court. This federal district court may exercise original jurisdiction over this action because it is a civil action wherein the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and it is between citizens of different states. Plaintiffs are citizens of (or in case of the corporate plaintiff, has its principal place of business in) Rhode Island and defendant Travelers is not a citizen of this state. Moreover, as set forth in the Notice of Removal and as argued in greater detail in Travelers' Motion to Dismiss (which has previously been filed with this Court), plaintiffs improperly joined Michael R. DeLuca ("DeLuca") and Gidley, Sarli & Marusak, LLP ("GSM") as defendants for the sole purpose of avoiding federal court jurisdiction.

[1] Although plaintiffs name Travelers Insurance Company as a defendant, there is no such legal entity. The claims alleged by plaintiffs arise from a liability insurance policy issued by Travelers Indemnity Company of America to Virginia Transportation Company.

These parties were named in plaintiffs' state court complaint, which was filed the same day plaintiffs received the declaratory judgment action that had been filed by Travelers in this Court, which seeks an adjudication of the same issues raised by plaintiffs in the present complaint. See, *The Travelers Indemnity Company v. Virginia Transportation Corporation*, et al, Civil Action No.: 06-488.

Plaintiffs offer no explanation for the commencement of their retaliatory action in state court.[2] Moreover, plaintiffs fail to present this Court with any evidence, offer of proof, or argument, which, even if believed, would establish a prima facie cause of action against DeLuca or GSM. Where plaintiffs concede the well-established apposite authority that 'the right of removal cannot be defeated by a fraudulent joinder of a non-diverse defendant . . ." if "the plaintiff has failed to state a cause of action against the fraudulently joined defendant," a motion to remand must be denied. *Pl. Mem. of Law, p. 2* citing *Polyplastics,Inc. v. Transconex, Inc.*, 713 F.2d 875 (1st Cir. 1983).

**ARGUMENT**

The conclusion that plaintiffs improperly joined DeLuca and GSM rests on the inescapable fact that the alleged negligence of these defendants caused them no harm. *See Plummer v. Abbott Laboratories*, 568 F. Supp. 920, 922 (1983) ("It is an abecedarian principle of tort law that an individual must be injured to recover for the negligent acts of another") (citing *Mullaney v. Goldman*, 398 A.2d 1133, 1136 (R.I. 1979)); *Phelps v. Burrillville Racing Ass'n.*, 53 A.2d 753, 754 (1947). Plaintiffs do not contest the fact that the General Release, which was

[2] Plaintiffs' apparent attempt to avoid this Court's jurisdiction is further reflected by their decision to entangle the parties and this Court in a costly and time-consuming forum battle, despite the fact that they could have filed third-party claims against DeLuca and GSM in the prior pending action commenced in this Court by Travelers. A federal court may exercise ancillary jurisdiction over non-diverse parties added as third-party defendants. *Baker v. Westin Rio Mar Beach Resort, Inc.*, 194 F.R.D. 393, 397 (D. Puerto Rico 2000) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 65-67 n.1 (1996)) (dicta); *City of Worcester v. HCA Mgmt. Co. Inc.*, 753 F. Supp. 31, 36 (D. Mass. 1990) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978)).

executed by the DeMarcos under the direction of their counsel, extinguishes any claim against DeLuca or GSM (or Travelers) based on any alleged injury to Virginia Transportation or Doire. Rather, plaintiffs contend, "for purposes of fraudulent joinder, [they] need not state in detail the precise elements of damages in their complaint." This contention is unfounded. To escape the conclusion that DeLuca and GSM were improperly joined and, consequently, that removal was appropriate, plaintiffs must have a viable cause of action against these non-diverse defendants. *Lawrence Builders*, 414 F. Supp. 2d. at 137; *Gabrielle*, 210 F. Supp. 2d at 66 (citing *Tillman v. Cont'l Plaza Hotels & Resorts*, No. CIV.A. H-99-3493, 2000 WL 33250072, at *1 (S.D. Tex. Aug. 10, 2000)). Since plaintiffs suffered no harm or injury, no viable cause of action exists and, therefore, the conclusion that DeLuca and GSM were improperly joined is inescapable.[3]

Plaintiffs also inexplicably fail to address the fatal deficiency in their complaint based on the absence of even an allegation that a written assignment exists to support the allegations of Wayne and Leesa DeMarco "as assignees of Leo H. Doire and Virginia Transportation Corporation." Under Rhode Island General Laws 1956, § 9-2-8, a written assignment is required before an assignee may file an action in his or her own name. Section 9-2-8 provides:

> **Assignee of nonnegotiable chose in action.**—The assignee of a nonnegotiable chose in action which has been assigned in writing may maintain an action thereon in his or her own name, but subject to all defenses and rights of counterclaim, recoupment, or setoff to which the defendant would have been entitled had the action been brought in the name of the assignor.

---

[3] The vague and unsubstantiated assertion that "damages took place up to and including the date of the release," (*Pl. Mem.*, p. 3) concedes there are no extant damages to recover from GSM or DeLuca (or Travelers) and does not salvage plaintiffs' claim. Plaintiffs contend "Doire had to retain his own counsel" and had to "pay sums to have other parties released," however, plaintiffs do not, and cannot, allege these costs were incurred as the result of any conduct on the part of DeLuca. To the extent Doire incurred any costs to retain his own counsel or to have other parties released, it was the result of the fact that the value of the claims against him and his company, Virginia Transportation, based on the motor vehicle accident, exceeded the limit of the applicable Travelers liability insurance policy. Shortly after it received notice from Attorney Jeffrey Pine, who Doire retained to protect his interests, that two passengers were severely injured as a result of Doire's motor vehicle accident, Travelers informed Doire and Virginia Transportation that there was a risk of liability in excess of the policy limit and that the retention of counsel to protect him against financial exposure in excess of the policy limit would be at Doire's and/or Virginia Transportation's own expense. See letters from Travelers dated February 4, 2004, attached as Exhibit A.

See *Weybosset Hill Investments, Inc. v. Rossi,* 857 A.2d 231, 241 (R.I. 2004) (the making and delivery of a valid written assignment must be established before an assignee will be permitted to sue in the assignee's own name. *See also Lombardi v. Electromet Co.,* 540 A.2d 16, 17 (R.I. 1988); *United Master Plumbers Ass'n of Rhode Island, Inc. v. Bookbinder Plumbing and Heating Co.*, 210 A.2d 573, 576 (R.I. 1965); *Plotkin v. Danakos*, 41 A.2d 470, 472 (R.I. 1945).

Plaintiffs' complaint alleges that "Corporate counsel [for Virginia and representing Doire] and counsel for Demarco entered into negotiations to settle the DeMarco verdict/judgment by Virginia executing an assignment under which Virginia **would** assign all of its rights to DeMarco in exchange for a general release releasing only those claims against Virginia . . . ." *Complaint, ¶ 41*. (Emphasis added.) In their motion to remand, plaintiffs focus their argument solely on the construction of the conditional representation there were ongoing negotiations that "would" lead to a written assignment. Conspicuous by its omission is plaintiffs' utter failure to produce a copy of a written assignment, even when their entire claim depends upon it. Where Rhode Island law requires a written assignment in order for an assignee to sue under his own name and plaintiffs need only produce that document to meet this element of a prima facie claim, the most reasonable inference to be drawn is that no written assignment exists.

## CONCLUSION

For the reasons set forth above, those set forth in its Notice of Removal and those set forth in its Memorandum of law in Support of its Motion to Dismiss, The Travelers Indemnity Company respectfully requests that this Court deny plaintiffs' motion to remand.

Respectfully submitted,

**THE TRAVELERS INDEMNITY COMPANY,**

By their attorneys,

/s/ Stephen P. Harten
Stephen P. Harten, R.I. Bar I.D. No. 4102
**RATCLIFFE BURKE HARTEN & ELIAS, LLP**
1600 Financial Plaza
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440

and

Anthony R. Zelle (pro hac vice application pending)
**ZELLE MCDONOUGH LLP**
Four Longfellow Place, 35th Floor
Boston, MA 02114
Tel: (617) 742-6520
Fax: (617) 973-1562

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as nonregistered participants on December 29, 2006.

/s/ Stephen P. Harten
Stephen P. Harten

# EXHIBIT A

Travelers

**Caren Gattinella**

*Director*
*Travelers Property Casualty*
*Boston CP&L*
*44 Bedford Street*
*PO Box 111*
*Middleboro, MA 02344*

(508) 946-6483
(877) 786-5584

February 3, 2004

*Certified Mail – Return Receipt Requested*

Virginia Transportation Corp
1600 Flat River Road
Coventry, RI 02816

RE: Policyholder: Virginia Transportation Corp.
Claimants: Wayne Demarco, et al
Date of Loss: September 10, 2003
Our File No.: AJN3624

Gentlemen:

Travelers Insurance (Travelers) previously acknowledged receipt of the above captioned claim.

We direct your attention to the Commercial Business Auto Policy issued to Virginia Transportation Corp by The Travelers Indemnity Company ("Travelers") and the liability limits coverage contained therein. The Bodily Injury and Property Damage liability limits are $1,000,000 combined single limit. The injuries sustained by Mr. DeMarco and other passengers are significant and may exceed the noted single liability limit. Should you carry excess insurance, please notify that insurer of this claim.

We will continue to advise you as to the progress of this claim and your possible exposure. However, you are invited to retain legal counsel to advise you with respect to your possible exposure in excess of the limit of the policy. The retention of such counsel will be at your own expense.

If you should have any question in regard to this matter, please call me. I am available Monday through Friday from 8:00 a.m. to 5:00 p.m. at 508-946-6483.

Sincerely,

Caren Gattinella
Director
c: The Egis Group
Jeffrey B. Pine, Esq.

Travelers

**Caren Gattinella**
*Director*
*Travelers Property Casualty*
*Boston CP&L*
*44 Bedford Street*
*PO Box 111*
*Middleboro, MA 02344*
(508) 946-6483
(877) 786-5584

February 3, 2004

*Certified Mail – Return Receipt Requested*

Leo H. Doire
c/o Virginia Transportation Corp
1600 Flat River Road
Coventry, RI 02816

RE: Policyholder: Virginia Transportation Corp.
Claimants: Wayne Demarco, et al
Date of Loss: September 10, 2003
Our File No.: AJN3624

Dear Mr. Doire:

Travelers Insurance (Travelers) previously acknowledged receipt of the above captioned claim to you as the operator of a 2003 Chevrolet Silverado owned by Virginia Transportation Corp.

We direct your attention to the Commercial Business Auto Policy issued to Virginia Transportation Corp by The Travelers Indemnity Company ("Travelers") and the liability limits coverage contained therein. The Bodily Injury and Property Damage liability limits are $1,000,000 combined single limit. The injuries sustained by Mr. DeMarco and other passengers are significant and may exceed the noted single liability limit. Should you have any other personal insurance coverage available to you, you or your agent should place those carriers on notice at this time.

We will continue to advise you as to the progress of this claim and your possible exposure. However, you are invited to retain legal counsel to advise you with respect to your possible exposure in excess of the limit of the policy. The retention of such counsel will be at your own expense. If you should have any question in regard to this matter, please call me. I am available Monday through Friday from 8:00 a.m. to 5:00 p.m. at 508-946-6483.

Sincerely,

Caren Gattinella
Director
c: The Egis Group
Jeffrey B. Pine, Esq.