**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| WAYNE DEMARCO and LEESA DEMARCO, Individually as parent and legal guardians of Chayce DeMarco, a minor and Brayden DeMarco, a minor, and as Assigness of LEO H. DOIRE and VIRGINIA TRANSPORTATION CORP. Plaintiffs | |
| vs. | Case No.: 1:06-cv-539 |
| TRAVELERS INSURANCE COMPANY, MICHAEL R. DELUCA, ESQ., and GIDLEY, SARLI & MARUSAK, LLP, Defendants. | |

***PLAINTIFFS RESPONSE MEMORANDUM IN SUPPORT OF THEIR MOTION TO REMAND***

Now come the Plaintiffs, in the above-entitled matter, and submits this Response Memorandum in Support of their Motion to Remand. Defendant Travelers filed an objection to Plaintiffs Motion to Remand on December 29, 2006. In addition, in this matter Travelers filed it's substantive Motion to Dismiss pursuant to Fed R Civ P. 12(b)(6) on December 19, 2006. In that motion, Travelers asserts that Plaintiffs fail to state a claim by which relief can be granted. That motion by its definition applies to all defendants, diverse and non-diverse. Travelers now, in it's Objection to the Motion to Remand, has advanced the exact same arguments.

In fact, the arguments were cut from Travelers' Motion to Dismiss and pasted into its Objection to the Motion to Remand. Those arguments included, first, that there are no damages, therefore, there is no cause of action. This argument is in error. In *Gray v. Grain Dealers Mut. Ins. Co.*, 871 F. 2d 1128, 1131 (1989), the United States Court of Appeals for the District of Columbia discussed the applicability of the so called

"judgment rule" as the majority view throughout the United States. The judgment rule provides that "an entry of judgment in excess [of policy limits] alone is sufficient damage to sustain a recovery from an insurer for its breach of duty". *Id. (Quoting Carter v. Pioneer Mut. Casualty Co.,* 423 N.E.2d 188, 190 (Ohio 1981)). Travelers has argued that the non-diverse defendants, GSM and DeLuca, were improperly joined based on the "inescapable fact that the alleged negligence of these defendants caused them no harm". Travelers then cites *Plummer v. Abbott Laboratories,* 568 F. Supp 920 (1983) to support this contention. As stated in Plaintiffs' Objection to Travelers Motion to Dismiss filed in this matter, *Plummer* involved the allegation of an increased risk of cancer. The Court properly noted that such a claim is speculative. That is not the case here and *Plummer* simply does not apply.

Travelers' second argument, both here and in its Motion to Dismiss, is that there is no evidence of a valid written assignment. The fact that Travelers pled there was an assignment and Plaintiffs admitted same in the related matter, *Travelers v. Virginia Transportation*, C.A. No. 06-488, makes this argument moot. In addition, Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief". *See Fed. R. Civ. P.* 8 (a). The Federal Court Rules of Civil Procedure follow the notice pleading protocol under which the plaintiff is not specifically required to plead the ultimate facts that must be proven to succeed on its Complaint. *Rodriguez v. Doral Mortgage Corp.*, 57 F. 3d 1168 (1st Cir. 1995). All that is required of a plaintiff is that the complaint provide the opposing party fair and adequate notice of the claims asserted. *Id; In re Commonwealth Inst'l Secs., Inc.,* 394 F.3d 401, 405-06 (6th Cir.2005).

Finally on this issue, Travelers mischaracterizes the law relating to R.I. Gen Laws §9-2-8. In *Weybosset Hill Investments, Inc. v. Rossi, 857 A.2d 231 (R.I 2004),* the issue before the Rhode Island Supreme Court was whether an assignment of the right to pursue a tax appeal was enforceable under the general language of R.I. Gen. Laws §9-2-8. *Weybosset Hill,* 857 A.2d at 241. The court at no time held, as Travelers suggests, that a written assignment must be in existence at the time of the suit. *See Id.* at 241. Moreover, in the case at bar it is clear that at the time of the suit a written assignment had been executed.

The significance of Travelers' parallel arguments is of great consequence here. Plaintiff suggests that the "common defense" rule applies. As stated above, all of the above arguments were initially put forth in Travelers' Motion to Dismiss pursuant to Fed R Civ P. 12(b)(6). This motion was not geared in any way toward non-diverse defendants, but in fact, relates to all defendants. Travelers clearly fails to address the issue of fraudulent joinder in relation to the non-diverse defendants.

In *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146 (1914) the Supreme Court articulated the "common defense" rule which narrows the doctrine of fraudulent joinder. See, *Smallwood v. Illinois Central Railroad Co.*, 342 F.3d 400 (5th Cir. 2003). Subsequent to the Fifth Circuit accepting the "common defense" rule, the United States District Court for the District of Massachusetts adopted it as well. In *Kendall v. Metropolitan Life Insurance Co.,* 324 F. Supp. 2d 288 (D.C. Mass 2004) the Court accepted the "common defense" rule and refused to ignore Supreme Court precedent. The Court stated that the Supreme Court in *Cockrell* distinguished between an allegation that non-diverse defendants are fraudulently joined and an allegation that no case exists

against any of the defendants. The Court determined that an allegation that applies to all defendants and that goes to the merits of the action is not about fraudulent joinder.

The Court in *Kendall* accepted the Supreme Court's analysis and stated that "if an argument offered to prove fraudulent joinder on non-diverse defendants also shows that no case exists against any of the defendants (non-diverse and diverse alike), it is not apparent why the non-diverse defendants should be set apart as "fraudulently joined". *Id.*

In both the Objection to the Motion to Remand and the Motion to Dismiss Travelers alleges only allegations common to it and to the other Defendants, DeLuca and GSM. At no time does Travelers cite any allegations that the non-diverse defendants were "wrongfully brought into a controversy which did not concern them". See, *Kendall* at 300. The *Kendall* Court's interpretation of *Cockrell* "keeps the doctrine of fraudulent joinder within narrow limits and thus reduces the ability of defendants to escape state courts". *Id* at 300. The Court held that under *Cockrell*, "fraudulent joinder does not exist when an argument offered to prove the fraudulent joinder on non-diverse defendants simultaneously shows that no case exists against the diverse defendant or defendants. In those circumstances, no legitimate reason exists to label the non-diverse defendant as fraudulently joined." *Id* at 300.

In this case, Travelers asserts a classic argument that Plaintiffs failed to state a claim against any defendant. At no time does Travelers assert any facts that the non-diverse defendants, specifically, were improperly joined as such the "common defense" rule applies and Plaintiff's Motion to Remand should be granted.

Plaintiffs,
By Their Attorneys:

***D'AMICO • BURCHFIELD, LLP***

/s/ Robert A. D'Amico, II, Esq.
/s/ Mark W. Dana, Esq.
Robert A. D'Amico, II, Esq. #4593
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, Rhode Island 02909
(401) 454-1212
(401) 454-1233 – fax

***CERTIFICATION***

I hereby certify that on this 3rd day of January, 2007, a true copy of Plaintiffs Response Memorandum was filed electronically, and is available for viewing and downloading from the ECF system, and copies were sent to all counsel of records via regular mail.

Anthony R. Zelle
ZELLE McDONOUGH, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114

Stephen P. Harten, Esq.
Ratcliffe Burke Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

/s/ Mark W. Dana, Esq.