**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WAYNE DEMARCO and LEESA DEMARCO, Individually, as parents and legal guardians of Chayce DeMarco, a minor and Brayden DeMarco, a minor, and as Assignees of LEO H. DOIRE, and VIRGINIA TRANSPORTATION CORP. | ) | |
| | ) | C.A. 1:06-cv-00539-S-LDA |
| vs. | ) | |
| TRAVELERS INSURANCE COMPANY, MICHAEL R. DELUCA, ESQ., and GIDLEY, SARLI & MARUSAK, L.L.P | ) | |

**OPPOSITION OF THE DEFENDANTS, MICHAEL R. DELUCA, ESQ. AND GIDLEY, SARLI & MARUSAK, LLP, TO PLAINTIFFS' MOTION TO REMAND**

Now come the defendants, Michael R. Deluca, Esq. and Gidley, Sarli & Marusak, LLP (hereafter referred to collectively as "GSM"), and submit this Opposition to the Plaintiffs' Motion to Remand. GSM adopts and incorporates, as if expressly set forth herein, the arguments set forth by Travelers Insurance Company in its Opposition to Plaintiff's Motion to Remand, previously filed with the court. The arguments set forth therein apply equally to GSM.

GSM also provides the following additional bases for denial of the Plaintiff's Motion to Remand:

1. Plaintiffs have included claims against GSM merely in order to defeat diversity jurisdiction in this matter, and have improperly joined GSM for this sole purpose. This conclusion is inescapable when one considers that the Plaintiffs could implead GSM under Rule 14 in the matter entitled *The Travelers Indemnity Company v. Virginia Transportation Corporation, et al*, Civil Action No.: 06-488, which is currently pending with this court and pre-

existed the instant matter. 28 U.S.C. 1367 would permit plaintiffs, who are defendants in Civil Action No.: 06-488, to bring a third-party action against GSM pursuant to Rule 14, without destroying jurisdiction. The court in that instance would have supplemental jurisdiction over the defendant's Rule 14 claim, without regard to whether an independent basis of jurisdiction exists, since the court has jurisdiction over the main claim.

Thus, plaintiffs could assert their claims against GSM in the matter previously filed by Travelers Indemnity Company involving the same issues raised by the plaintiffs in the instant matter. Plaintiffs' effort to seek a remand on the basis of GSM destroying diversity, therefore, would seem to be merely a thinly veiled effort to avoid this court's jurisdiction.

2. Plaintiffs' claims against GSM for malpractice are without merit. At the outset, Plaintiffs have failed to produce a copy of the alleged assignment of a legal malpractice claim to them by the insured in the underlying action. Absent such an express assignment, plaintiffs lack standing to assert claims against GSM, as no attorney-client relationship would otherwise exist. Plaintiffs' have failed to offer any reasonable justification or explanation for refusing to produce a copy of the assignment.

3. Any claim by the insured in the underlying action for legal malpractice would not be assignable to the plaintiffs. The instant action does not involve the transfer of a legal malpractice claim along with other assets and obligations to an assignee in a commercial transaction as confronted by the Rhode Island Supreme Court in the matter of *Cerberus Partners, L.P, et al v. Gadsby & Hannah, et al*, 728 A.2d 1057 (1999). The Rhode Island Supreme Court has not validated assignment of a bare claim for legal malpractice. Consequently, plaintiffs lack standing to bring suit against GSM.

4. Plaintiffs have failed to allege, with any degree of specificity, what conduct on the part of GSM allegedly constituted legal malpractice. Although notice pleading would not require an exhaustive overview of the bases of their claims against GSM, once confronted with Traveler's Motion to Dismiss, plaintiffs have a burden to divulge sufficient detail regarding their claims in order to meet their burden of proof to avoid dismissal. Since plaintiffs have undoubtedly retained an expert in order to satisfy the good faith requirements of Rule 11 before initiating a claim against GSM, disclosure of the bases of their claims against GSM would not be unduly burdensome, especially in the face of the suggestion by Travelers and GSM that plaintiffs do not have a legitimate claim against GSM and have sued them merely to avoid this court's jurisdiction.

In fact, GSM's conduct of the underlying trial was entirely consistent with relevant professional standards. In addition, the insured's personal counsel, who directly participated in discovery, trial preparation, and the actual trial of the underlying action, approved every important decision made by GSM in the defense of the insured.

5. Finally, plaintiffs cannot establish any damages, which allegedly arise from their claims against GSM. After the verdict was taken in the underlying trial, the case was settled and the insured was fully released. The insured has no further exposure to the plaintiffs.

Any argument that the insured incurred legal expenses in order to defend the underlying action, and that this is an element of damages in a claim against GSM, is entirely without merit. Travelers put the insured on notice early in the case that there was the potential for exposure beyond the policy limits and advised the insured that they should consider retaining personal counsel to advise them on this issue. In such an instance, as in any suit where a verdict could potentially exceed the available coverage, the insured has the right to retain personal counsel, but

at its own cost. This is standard, and outlined in the policy of insurance. Thus, any attorney fees paid by the insured to personal counsel would not be an element of damages in a claim against GSM.

Based on all of these grounds, as well as the grounds set forth in the Opposition filed by Travelers, GSM respectfully requests that the court deny Plaintiff's Motion to Remand.

Respectfully Submitted,

/s/ Curtis R. Diedrich
Curtis R. Diedrich, Esq., #4171
Sloane & Walsh, L.L.P.
127 Dorrance Street
Providence, RI 02903-2828
(401) 454-7700
cdiedrich@sloanewalsh.com

I hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified by the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 25, 2007.