UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WAYNE DEMARCO and LEESA DEMARCO, individually as parents and legal guardians of Chayce DeMarco, a minor, and Brayden DeMarco, a minor, and as assignees of LEO H. DOIRE and VIGINIA TRANSPORTATION CORP., | |
| Plaintiffs, | |
| v. | C.A. No. 06-539 S |
| TRAVELERS INSURANCE COMPANY, MICHAEL R. DELUCA, ESQ., and GIDLEY, SARLI & MARUSAK, LLP, | |
| Defendants. | |

**ORDER**

The matter before the Court is the motion of Wayne and Leesa DeMarco ("Plaintiffs") to remand this case to the Rhode Island Superior Court, pursuant to 28 U.S.C. § 1447(c). Earlier, defendant Travelers Insurance Company ("Travelers"), invoking 28 U.S.C. § 1441, filed a notice of removal in the United States District Court for the District of Rhode Island. It is undisputed that diversity is the basis for jurisdiction in this case. See 28 U.S.C. § 1332.

Plaintiffs argue that the case must be remanded because defendants Michael Deluca, and Gidley, Sarli & Marusak, LLP, (collectively, "GS&M") are nondiverse parties. See 28 U.S.C. § 1441(b); see also Diaz-Rodriguez v. Pep Boys Corp., 410 F.3d 56, 62 (1st Cir. 2005). Travelers concedes that GS&M are nondiverse, but

contends that their citizenship is irrelevant because Plaintiffs included GS&M in the complaint simply to thwart diversity jurisdiction. Cf. Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983) (observing that "[a] party fraudulently joined to defeat removal . . . is disregarded in determining diversity of citizenship.").

After hearing on this motion, the Court concludes that the better approach here is to remand the case to the Rhode Island Superior Court. There, Travelers may attempt to challenge the Plaintiffs' claims against the nondiverse defendants. (Defendants could accomplish this by filing a motion to dismiss or in the alternative sever GS&M from the case, for example.) If nondiverse GS&M is eliminated from this action, diversity jurisdiction will be restored, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 65, 67-68 (1996), and Travelers will then have thirty days once again to remove the case to this Court, provided that it does so within the overall one-year limit for diversity cases. 14B Wright & Miller, Federal Practice and Procedure § 3723 at 658 (3d ed. 1998).

For these reasons, Plaintiffs' Motion to Remand is GRANTED.

It is so ordered.

William E. Smith
United States District Judge

Date: 1/31/07